MARGARET ADDISON *vs.* NEW ENGLAND COMMERCIAL
TRAVELLERS' ASSOCIATION.

Suffolk. March 10. — June 29, 1887. FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

The charter of a beneficiary association, formed under the St. of 1877, c. 204, and also the statute, limited the persons whom a member could designate as his beneficiaries to his widow, orphans, and other persons dependent upon him. The by-laws of the association provided that, if he made no designation, the amount payable on his death should be paid to his widow, or, if he left no widow, to a guardian or trustee of his minor children. A member of the association, who

had a wife and two minor daughters, to the question in his application for membership, "To whom will you have your death loss paid?" answered, "To my heirs," and to the question, "State relationship to you, if any, of the person or persons to whom payable," answered, "Wife or daughters." His wife and one daughter survived him. *Held,* that, whether there was a valid designation or not, the widow was entitled to the whole fund payable on his death.

CONTRACT, by the widow of James Addison, who during his lifetime was a member of the defendant corporation, an association formed under the St. of 1877, c. 204, to recover $3000, which sum was also claimed by James Macdonald, administrator of the estate of Mary E. Pratt, a daughter of Addison, who survived him. Trial in the Superior Court, without a jury, before *Barker,* J., who, at the request of both parties, reported the case for the determination of this court. The facts appear in the opinion.

*J. B. Richardson,* for the plaintiff.

*G. F. Williams,* for Macdonald.

W. ALLEN, J. The only designation of beneficiaries which the deceased attempted to make was in answers to the printed questions in his application for membership. The persons whom he could designate were limited by the statute (St. 1877, c. 204), and by the charter or certificate of incorporation, to his widow, his orphan children, and other persons dependent upon him. The by-laws of the corporation provided that, if he made no designation, the amount payable on his death should be paid to his widow, or, if he left no widow, to a guardian or trustee of his minor children. At the time of making his application, in 1878, he had a wife and two minor children, daughters. In answer to the question, "To whom will you have your death loss paid?" he answered, "To my heirs." Had this been all, his meaning might have been doubtful. It could not have been presumed that he intended to include those heirs who could not lawfully be designated, nor that he intended to exclude his widow; and it might be presumed that he had in mind only his wife and children, and intended to designate them. But it might have been doubtful whether he intended to designate them to take as distributees under the statute of distributions, or as beneficiaries under the charter and by-laws of the corporation. The word "heirs" used to designate such beneficiaries, excluding one class, mere dependents, and including the other two, widow and orphan children, applies as naturally to the classes as to the

individuals composing them, and indicates the widow and orphan children quite as plainly as it indicates the widow and surviving daughters.

But we think that the answer to the next question leaves no doubt as to the meaning. The question was " State relationship to you, if any, of the person or persons to whom payable ; " and the answer is, " Wife or daughters." The answer involved a more particular description of the beneficiaries intended to be designated than was contained in the former answer, and, in thus designating them, the applicant separates the two classes which he included in the general word " heirs," and says in substance, " The person or persons to whom it is payable are my wife or my daughters." The answer is short and concise, but the meaning is sufficiently plain that he intended that the payment should be to his widow, or, if he left no widow, to his surviving daughters. This is the natural meaning of the language, and it is what would be expected. If his wife should survive him, she would have the care and nurture of their minor children, and she, and not they, would be the person to whom payment was intended to be made by the statute and by the charter and by-laws of the corporation, and the payment to her would be for their use as well as for her. The intention that the money should be divided between the widow and surviving children is not in accordance with the purpose of the association, or the probable object of the applicant, and is not shown by the language of the designation. See *Hall* v. *Hall*, 140 Mass. 267. If there was any designation, it was to the widow, or, if there should be no widow, to the surviving daughters. If there was no valid designation, the widow is entitled to the money. It is therefore unnecessary to consider the several objections presented to the sufficiency or validity of the designation. In any aspect of the case, the money is to be paid to the widow.

*Ordered accordingly.*