ROBERT A. LOMAX et al.

v.

LUTHER C. SHINN et al.

*Filed at Ottawa June 13, 1896.*

1. WILLS—*construction—when effect must be given to all the language.* If one construction of a will would render a portion of its language meaningless while a different one would give effect to all the language used, the latter must be adopted.

2. SAME—*whether certain language used creates a fee.* A devise, in general terms, of certain described lands to a wife, not stating quantity of estate, followed by a further absolute bequest to her of "all the personal property," subject to debts, and concluding, "the balance of my estate I will to my wife during her natural life * * * at her death she may will one-half of the estate to whom she will, the other half I will to the grandchildren," etc., gives a life estate only in the lands, where it appears, from proof made, that the testator owned no other lands.

APPEAL from the Circuit Court of Henderson county; the Hon. JOHN J. GLENN, Judge, presiding.

This is an appeal from a decree in partition, rendered in the court below on the bill of the appellees. It is conceded that the decree is right and proper provided the last will and testament of Thomas B. Carroll vested in Sarah Carroll, his widow, but a life estate in the lands therein described, with a power of disposition as to one-half thereof by will. The will, after the introductory part, is as follows:

"That is to say, first after all my lawful debts are paid and discharged, the residue of my estate real and personal I give, bequeath and dispose of as follows, to-wit: To my beloved wife, the land and the appurtenances situated thereon known and described as follows: Lots 9, 11, 14 and 16, section (16) sixteen, township eight (8) N. six (6) W. the west half N. E. twenty-one (21) the east half N. W. twenty-one (21) the east half S. W. twenty-eight (28) and about fifty-nine (59) acres lying the

S. W. section fifteen (15) for particular description see deeds lying in the county of Henderson, State of Illinois, fourth principal meridian together with all the personal property which shall be entirely at her control which is more than sufficient to pay all my debts and give to Isaiah M. Castle the full amount of the obligation he will have on me when he shall have on his part fulfilled the indenture my will is he shall have all I obligated myself to give him after the above named debts and obligation are fully discharged. The balance of my estate I will to my wife during her natural life save and except the part hereafter willed to Webster Carroll, at her death she may will one-half of the estate to whom she will, the other half I will to the children of my two deceased sisters, Olive and Cyrena, and Mary Mariah Carroll and Charles Carroll, children of William Carroll and my brother, Sanford Carroll's daughter, Mary Ann, divided equally between them. My claim to my father's farm in Ohio, I will to my brother Webster Carroll which he may get as soon as he can."

SHARP & BERRY BROS., and O'HARRA, SCOFIELD & HARTZELL, for appellants:

The effect of the statute is to change the rule of the common law, whereby, if a conveyance or devise was made without words of inheritance, an estate for life, only, was created. Starr & Curtis' Stat. chap. 30, sec. 14.

Where the fee is devised by one clause of a will, and another clause or other portions of the will are relied on as limiting this to a life estate, the language used must clearly and positively show such intention on the part of the testator. *Giles* v. *Anslow*, 128 Ill. 187; *Wicker* v. *Ray*, 118 id. 472; *Roberts* v. *Roberts*, 140 id. 345.

It is always the disposition of the courts to adopt such a construction as will give an estate of inheritance to the first donee. *Leiter* v. *Sheppard*, 85 Ill. 243; *Giles* v. *Anslow*, 128 id. 187; 1 Redfield on Wills, (3d ed.) 421, 422.

It is from the words and from the context—not from the punctuation—that the sense must be collected. 1 Jarman on Wills, 53.

The intention of the testator must be collected upon grounds of a judicial nature, as distinguished from arbitrary, occasional conjecture. *Smyth* v. *Taylor*, 21 Ill. 296.

If land be devised to a person with general power to dispose of the same, an estate in fee simple passes. Such a power of disposition amounts to an absolute gift of the property. *Fairman* v. *Beal*, 14 Ill. 244.

Testimony that the testator had no other property could not be considered in the construction of this will. *Heslop* v. *Gatton*, 71 Ill. 528; *Bowen* v. *Allen*, 113 id. 53.

A general residuary clause being ordinarily introduced by the testator to prevent intestacy, will generally be construed as intended to dispose of those portions of the estate not previously disposed of. *Dickison* v. *Dickison*, 138 Ill. 541; Redfield on Wills, 446.

Whenever it is clearly the intention of the testator that the devisee shall have an absolute property in the estate devised, a limitation over must be void. *Lynde* v. *Easterbrook*, 7 Allen, 68; 1 Jarman on Wills, p. 677, note 2; *Fisk* v. *Cobb*, 6 Gray, 144.

BASSETT & BASSETT, for appellees:

The intention of the testator should be gathered, not from one clause or paragraph, but from the entire will. *Bland* v. *Bland*, 103 Ill. 14; *Jenks* v. *Jackson*, 127 id. 350; *Siddons* v. *Cockrell*, 131 id. 655.

The clauses of a will may be transposed, to give effect to all of its parts and carry out the intention of the testator. 1 Redfield on Wills, 431.

Courts, in construing wills, are to ascertain the objects of the testator's bounty, his near relations, and the property he had to leave, and this may be ascertained from parol evidence. Greenleaf on Evidence, secs. 287-291; *Richardson* v. *Eveland*, 126 Ill. 44; *Kaufman* v. *Breckin-*

*ridge,* 117 id. 316; *Missionary Society* v. *Mead,* 131 id. 360; 3 Jarman on Wills, 705, rule 10; Schouler on Wills, sec. 579.

We concede that the first part of the will, standing alone, would give Sarah Carroll the entire estate in fee, but it is modified by the language which follows. *Fairman* v. *Beal,* 14 Ill. 244; *Marshall* v. *Ragland,* 77 id. 98; *Siegwald* v. *Siegwald,* 37 id. 430; *Hamlin* v. *Express Co.* 107 id. 443.

There is no contention that the deed from Sarah Carroll to the Dickeys and William Carroll was an execution of the power under the will. The authorities are all the other way, and are not controverted. Perry on Trusts, sec. 254; Pomeroy's Eq. sec. 834; *Fairman* v. *Beal,* 14 Ill. 246; *Christy* v. *Pullian,* 17 id. 61; *Alley* v. *Lawrence,* 12 Gray, (Mass.) 375; 2 Washburn on Real Prop. 317.

Mr. JUSTICE WILKIN delivered the opinion of the court:

We entertain no doubt that in the light of the parol evidence introduced upon the hearing, to the effect that the testator owned no other real estate than that mentioned in the will, the court below, by its decree, gave effect to his intention. At common law the language, "I give, bequeath and dispose of  *  *  *  to my beloved wife," would confer upon her but a life estate. Under section 14, chapter 30, of our statute, (1 Starr & Curtis, p. 576,) it is sufficient to convey the fee simple title "if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law." The question therefore is, does the subsequent language of this will limit a less estate than a fee? Appellants insist that it does not, contending that the words, "the balance of my estate I will to my wife during her natural life save and except," etc., have no reference to the lands previously devised, but to any other property which the testator might own. In determining the correctness of this position the controlling consideration must be, what was the intention of the testator, as gathered from all the language used

in the instrument, together with the parol proof as to the nature and quantity of his property and the objects of his bounty.

It is a familiar rule of construction that in ascertaining the intention of the maker of a will effect must be given to all of the language used, if it can be done. That is to say, if one construction will render a portion of the language used meaningless while a different one will give effect to all the language used, the latter must be adopted. It being true that the testator, at the time he wrote his will and at the time of his death, owned only the lots of land described in the first part of his will, the words "the balance of my estate," if held to mean other and different property, would render meaningless all that part of the will which gives his wife a life estate and which makes a bequest to his nephews and nieces. The will was written by the testator himself, and, as will be seen from the foregoing copy, wholly regardless of the rules of punctuation. It seems to us, when the whole instrument is construed, that the language "balance of my estate," was intended to mean what remained after taking out the personal property. The lands described, together with all the personal property, (and his claim on his father's farm in Ohio,) constituted his entire estate. He first gives the land to his wife, without saying whether she is to have it for life or in fee. He then gives her the personalty absolutely, but subject to the payment of his debts and the obligation to Castle, which he says will be more than sufficient for that purpose. The "balance of my estate,"—that is, the remainder of all the property mentioned after deducting the personalty,—he wills to his wife for life, with the power to dispose of one-half thereof by will, and gives the other half to his nephews and nieces. The will, under the evidence, is to be construed as though instead of saying "the balance of my estate," it had been said "the real estate," or "my real estate I will to my wife during her natural life," etc.

But counsel say the evidence introduced for the purpose of proving that Thomas B. Carroll owned no other real estate was incompetent, and, even if not so, failed to establish the fact. That the evidence was properly admitted is too well settled to be made the subject of contention. (1 Greenleaf on Evidence, sec. 287; *Kaufman* v. *Breckinridge*, 117 Ill. 305; *Richardson* v. *Eveland*, 126 id. 37.) We also think it does prove that he owned no other property. It is true it is not of that affirmative and positive character which would be required if the ownership of property were in issue, but for the purpose of aiding the court in putting a construction upon the language used by the testator it may properly be regarded as establishing the fact. It was certainly sufficient for that purpose in the absence of all affirmative proof of title or ownership in other lands.

The decree of the circuit court will be affirmed.

*Decree affirmed.*