### Robert Lomax v. Luther C. Shinn et al.

1. Partition of Real Estate—*Solicitors' Fees.*—In suits for the partition of real estate, the court has no power to decree the payment of solicitors' fees where a defense, valid and substantial in its character, has been interposed in good faith although such defense may be unsuccessful.

2. Same—*What is Not a Compliance with the Statute.*—It is not a compliance with the statute requiring that the rights and interests of all the parties in interest in a suit for partition be properly set forth in the bill, to merely set out the interests of the parties as they appear of record where the record does not correctly state the title.

Bill for Partition.—Appeal from the Circuit Court of Henderson County; the Hon. John J. Glenn, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded with directions. Opinion filed December 17, 1897.

SHARP & BERRY BROS., and O'HARRA & SCOFIELD, attorneys for appellant.

BASSETT & BASSETT, attorneys for appellees.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

This was a suit brought by appellees, March 20, 1893, against appellant and others for partition of real estate. A decree of partition was affirmed in 162 Ill. 124, and 162 Ill. 214. After a sale of the realty by a master the court fixed the fees of the complainants' solicitors at $2,000, and directed said sum to be paid *pro rata* out of the shares of the several parties as established by the decree. The decree found appellant the owner of about one-half the land, and the order in question, therefore, required the payment of about $1,000 out of his funds, and from that order he prosecutes this appeal. It is admitted the allowance was reasonable for the services rendered, but appellant denies that he is legally liable for any part thereof. The partition statute (R. S. 1874, Ch. 106, Sec. 40, as amended in 1889) directs that " when the rights and interests of all the parties in interest are properly set forth in the petition or bill," the court shall apportion a reasonable solicitor's fee among the parties in interest so that each shall pay his or her equitable portion thereof, " unless the defendants, or some one of them, shall interpose a good and substantial defense to said bill or petition." Appellant claims he did " interpose a good and substantial defense," within the meaning of said provision.

The land belonged to Thomas B. Carroll at the time of his death in 1858. He left a will which was duly probated. The will (which is set out in 162 Ill. 124) gave some interest in said land to his wife, Sarah Carroll. During her lifetime she deeded much of said land in fee to appellant. By her last will she devised a part of said land to him. Appellant also obtained deeds from several of the heirs at law of Thomas B. Carroll. In his answer appellant claimed that said Sarah Carroll took said lands in fee under the will of

her husband, and therefore appellant acquired the fee under her deeds to him. The will of Thomas B. Carroll also gave his wife a power of appointment by will as to one-half "the balance" of his estate; and appellant, in his answer, contended that if the wife did not take the fee her deeds to him should be treated as an execution of the power, and therefore as conveying the fee of an undivided half of said lands to him. He also claimed the share in said lands given him by her will. It is stipulated that these defenses were interposed by appellant in good faith, and that he stubbornly contested the claim of the complainants in both the Circuit and Supreme Courts. The courts, however, held that Sarah Carroll took under her husband's will only a life interest in the realty and a power of appointment of an undivided half thereof by will; that her deeds only conveyed to appellant said life estate, and were not an execution of the power of appointment; that her will was void as to appellant because he was a witness thereto, and the decree only gave him what he acquired by his deeds from the heirs at law of Thomas B. Carroll. Appellant employed and paid his own solicitors in the Circuit and Supreme Courts.

Appellees insist that the statute means a defense that is successful. The Supreme Court in Metheny v. Bohn, 164 Ill. 495, held that the language above quoted from the statute "should be construed as meaning that a defense, valid and substantial in character, made in good faith and on reasonable ground, should exempt a defendant from paying a solicitor of his adversary, not for services rendered to him but for a hostile attack upon what he in good faith believes to be his substantial right;" that the defense there interposed was of a good and substantial character, not undertaken without reasonable grounds although it proved unsuccessful, and that in such cases "it would not be equitable for the defendant to pay a part of a solicitor's fee solely earned as his adversary." It is true that in that case the court found there was no sufficient evidence in the record as to what was the customary and usual charge for such legal services, and held that for want of such proof in the record the allow-

ance could not be sustained. But the court further said, " both parties have argued the question whether this is a proper case for the allowance of a solicitor's fee against the defendants, and as that question will arise again in the suit they both desire to have it decided." The court then discussed the true construction of the statute, with the result above stated. It is clear the question was in the case; that it would arise upon a retrial in the Circuit Court, and that when the Supreme Court passed upon it at the request of both parties, its conclusion was not *obiter dicta* (as here contended by appellees), but the determination of a matter duly submitted to it for decision. The language next following that herein above quoted from section 40 of the partition statute is as follows : " In such case the party or parties making such substantial defense shall recover their costs according to equity." Appellees press upon us the argument that these words show the whole section refers only to a defense that is successful, as it can not be supposed the legislature meant that a defendant whose alleged defense is overthrown shall recover costs for the successful complaint. These considerations must be addressed to the Supreme Court. Its decisions are conclusive upon us. The construction of this statute it adopted in Metheny v. Bohn, became thereby a part of the law, which it is our duty to apply and enforce in this case; and such application must relieve appellant from these solicitors' fees, which have been earned in fighting him and stripping him of a large property, which he, in good faith, and on reasonable grounds, believed to be his own. Hartwell v. DeVault, 159 Ill. 325.

There is a further reason why solicitors' fees should not be assessed against appellant. While complainants, by amendment to their bill made before defendants appeared, set out the interests appellant acquired from the heirs at law of Thomas B. Carroll, they did not in fact state them correctly, nor as they were established by the decree, but only as they appeared of record. The recorded deeds were incorrect. Appellant had bought the interest of said heirs in lands not described in said deeds, but omitted by mistake

therefrom, and so not appearing of record and not stated in the amended bill as owned in part by appellant. He had the equitable title to the shares inherited by said heirs in said lands not described in his deeds from them, and lived upon at least a part of the lands, but they still held the legal title to said shares. By answer, cross-bill and proofs, appellant set up and established those interests in himself. We think it is not a compliance with the statute merely to set out the interest of the parties as they appear of record, where the record does not correctly state the title, but that a complainant in such case should ascertain from the parties what title and interest they have; or at least if he fails to do so, and it turns out he has not stated the interests as they really are, he does not acquire the right to have his solicitors' fees apportioned and paid in part by those whose interests are not correctly stated. Of course complainants ought not to be required to pay the costs made by defendant under his cross-bill in perfecting his title derived from said heirs.

So much of the decree of the court below as awards solicitors' fees against Robert Lomax is reversed, and the cause is remanded with directions to enter a decree in accordance with the views here expressed.

Reversed and remanded with directions.