(109 App. Div. 98.)

### BURNS v. BURNS et al.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1905.)

1. INSURANCE—WHAT LAW GOVERNS.
    Where a beneficial insurance certificate provided that the contract should be governed by the laws of Ohio, and contained a stipulation that the place of the contract was agreed to be the home office of the association in a certain city in Ohio, and the certificate was executed and issued at the home office of the association in Ohio, and was made payable there upon presentation to the association at that place of proper proofs of death, and premiums or assessments were required to be paid at the home office, the laws of Ohio would control in determining who were the beneficiaries in the certificate, the distributive share to which each was entitled, and any issue which might arise between insured or the beneficiaries and the insurer, although insured and the beneficiaries were residents of the state of New York when the certificate was issued, and continued to be such until the death of insured.

2. SAME—MUTUAL BENEFIT INSURANCE—BENEFICIARIES—HEIRS.
    Under the laws of Ohio, a widow may be the heir of her deceased husband, and is included in the word "heirs" as used in a beneficial insurance certificate payable to the "heirs" of the husband.

3. DESCENT AND DISTRIBUTION—SURVIVING WIFE—EXTENT OF INTEREST.
    Rev. St. Ohio 1892, § 4176, providing that where an intestate leaves children or their legal representatives the widow or widower shall be entitled to one-half of the first $400 and to one-third of the remainder of the property subject to distribution, fixes the extent of the widow's interest in an insurance fund payable to the heirs of her deceased husband, where such husband dies leaving the widow and children surviving him.

4. APPEAL—DECISION—RELIEF TO APPELLEE—AMOUNT OF JUDGMENT.
    A judgment for plaintiff in a less sum than he is entitled to will be affirmed on defendant's appeal where there is no appeal by plaintiff.

    [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4415.]

Appeal from Special Term, Erie County.

Action by Louise Mee Burns against Edgar W. Burns and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The action was commenced in July, 1903, to recover the amount claimed to be due to the plaintiff as the widow of John C. Burns, deceased, upon a certificate or policy of insurance issued upon his life to him, payable to

his "heirs," by the Knights Templar and Masonic Mutual Aid Association, a foreign corporation, organized and existing under the laws of Ohio, and having its principal office and place of business in that state. By agreement of the parties and for their convenience, the amount of the certificate, $3,000, was deposited with the defendant bank to await the final decision of this action, and no personal claim is made against it or against the insurance association. The defendants other than the bank are the children of John C. Burns, deceased, and claim to be his only "heirs"; that the plaintiff, the widow, is not an heir, within the language of the policy or the intent of the parties, and therefore that they are entitled to the whole of said insurance. The learned trial court determined that the plaintiff was entitled to one-third of said $3,000, "under the statute of distribution of the state of New York as in cases of intestacy," besides costs. Judgment was entered accordingly, and from it this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Thomas E. Boyd, for appellants.
Adolph Rebadow, for respondent.

McLENNAN, P. J. The facts are not in dispute. John C. Burns became a member of the Masonic Mutual Life Association of Cleveland, Ohio, March 25, 1884, and under that date received a certificate of insurance, being No. 366, for $3,000, payable "to the heirs of the said John C. Burns" upon his death. Thereafter, and about February, 1901, as authorized by the Laws of Ohio, the Knights Templar and Masonic Mutual Aid Association of Cincinnati, Ohio, reinsured the risks of the Masonic Mutual Life Association, and at the request of John C. Burns issued to him its certificate, being No. 15,506, for like amount, also made payable "to the heirs of John C. Burns," which is the certificate or policy in suit. The notice sent to Burns by the association issuing the certificate in question, and which induced its acceptance in the place of the one issued to him by the Masonic Mutual Life Association, contained the following:

"The laws governing associations like ours permit you to name as your beneficiary any one or more of your family who are heirs, or it may be made payable to either your executors, administrators, or some one as your assign."

Burns assented to such reinsurance, accepted the certificate in suit, and directed "that my new certificate be made payable to my heirs as my beneficiary." Such new certificate, the one in suit, contained the following provision:

"Eighth. This contract shall be governed by and construed only according to the laws of the state of Ohio, the place of this contract being expressly agreed to be the home office of the association in the city of Cincinnati, Ohio, and no action at law or suit in equity shall be maintained hereon or recovery had unless such action or suit is commenced within one year from the date of the death of said member."

A by-law of the association, which was received in evidence, provides as follows:

"The home office shall be in the city of Cincinnati, Hamilton county, Ohio. The object of the association shall be to furnish mutual protection and relief to its members, and for the payment of stipulated sums of money to the families, heirs, executors, administrators, or assigns of the deceased members of the association."

When each of the certificates referred to was issued, the insured was a resident of the state of New York, as was also the plaintiff, his widow, and the defendants, their children. Such continued to be the place of residence of the insured until his death, which occurred on the 25th day of February, 1902. During all of said time, and when this action was commenced, the plaintiff and defendants were also residents of this state. No question is made by the association as to its liability. In fact, at the request and for the convenience of all the parties, it deposited the full amount of said fund with the defendant bank, to abide the final decision of this case. The certificate was executed and issued at the home office of the association in Ohio. It was made payable there upon the presentation to it at that place of proper proofs of death. All premiums or assessments were required to be paid at the home office. Upon the foregoing facts, we think it is clear that the rights of the parties to this action should be determined in accordance with the laws of Ohio. Mutual Life Ins. Co. of N. Y. v. Dingley, 100 Fed. 408, 44 C. C. A. 459, 49 L. R. A. 132. In that case the insured when the policy was issued and at the time of his death was a resident of the state of Washington, and his administrator, who brought the action, was appointed in that state. The insurance company who issued the policy was a New York corporation, having its principal or home office in the city of New York. By its terms the policy was "made subject to the charter of the company and the laws of the state of New York." There, as here, the policy was delivered in a foreign state, but it provided, as does the certificate in question, that it was payable at the home office, as were also all the premiums. The court held that the contract should be construed according to, and governed by, the laws of the state of New York. The plaintiff concededly might have brought an action to enforce his rights in the federal court or in the courts of the state of Ohio. It undoubtedly would have been so brought had not the insurance association, at the request and for the convenience of all parties interested, deposited the fund with the defendant bank. If the action had been brought in either of the courts suggested, there can be no doubt but that the final judgment rendered would have directed payment to each party of such sum as he or she was entitled to under the laws of Ohio. The rights of all the claimants to the fund, as between themselves, as well as any issue existing between them and the association, would have been adjudicated and finally determined in such action, and all in conformity with the laws of the state of Ohio. The rights of the parties are not different because they seek to have them adjudicated by the courts of this state. Such rights must be determined by a reference to the laws of Ohio, it being expressly stipulated in the contract of insurance that they should govern and be controlling in any question which might arise as to its meaning or construction. Such laws must control in determining who are beneficiaries and the distributive share to which each is entitled, as well as in determining any issue which might arise between the insured or the beneficiaries and the insurer. If the action had been brought in Ohio or in the federal court, all of the issues would have been settled in it, and,

as we have seen, in accordance with the laws of that state; and precisely the same result should follow although the action is brought in this state. Under the laws of the state of Ohio as interpreted by its courts, the widow of a deceased husband may be his heir, and included in the word "heirs" when used as in the certificate in suit. Young Men's Mutual Life Association v. Pollard, 3 Ohio Cir. Ct. R. 577. In that case one Pollard became a member of the plaintiff, in which he had a policy for $1,000, payable to his "heirs." He died, leaving his widow a..d child surviving. It was held that his widow and child were his "heirs." In Ferguson v. Stuart's Ex'rs, 14 Ohio, 140, where a testator provided by will that certain moneys should "go to my heirs," it was held that the widow of the testator was an heir and included in the word "heirs."

The amount to which the plaintiff is entitled in this case we think is fixed by section 4176 of the Ohio Revised Statute of distribution of 1892, which is as follows:

"When a person dies intestate and leaves no children or their legal representatives, the widow or widower shall be entitled, as next of kin, to all the personal property which is subject to distribution upon settlement of the estate; but if the intestate leaves any children or their legal representatives, the widow or widower shall be entitled to one-half of the first four hundred dollars and to one-third of the remainder of the personal property subject to distribution."

In the Pollard Case, supra, the facts in which were almost identical with the facts of the case at bar so far as they affect the question now being considered, it was held that the amount of the insurance to which the widow was entitled was fixed by the statute of descent and distribution above quoted.

In our view of the case, it is unnecessary to decide what would have been the rights of the parties if the certificate in question were to be construed under the laws of this state, as we are of the opinion that its meaning must be ascertained and the rights of the parties determined under the laws of the state of Ohio. So interpreted and construed, the plaintiff was entitled to receive something more than one-third of the fund—about $1,067. The learned trial court determined that the plaintiff was entitled to receive $1,000, being one-third of the $3,000, under and by virtue of the statute of distribution of the state of New York, as in cases of intestacy. In our view of the case, such statute in no manner affected the rights of the parties, but, as the judgment awarded to the plaintiff a less sum than she was entitled to under the Ohio statute, which is applicable, and fixes the amount, the plaintiff not having appealed, we think the judgment should be affirmed, with costs. All concur.

Judgment affirmed, with costs.