## In re BULLEN'S ESTATE.

No. 2696.   Decided April 22, 1915.   Rehearing Denied September
10, 1915.   (151 Pac. 533.)

1. TAXATION—INHERITANCE TAXES — "SUCCESSION" — LIABILITY OF
WIDOW.  Property received by a wife under Comp. Laws 1907,
section 2826, providing that one-third in value of all the real
property possessed by the husband at any time during the mar-
riage, to which the wife has made no relinquishment of her
rights, shall be set apart as her property in fee simple on her
surviving him, is not received by her as heir within the intes-
tate or succession statutes, but belongs to her absolutely in her
own right, and it is not subject to the inheritance tax imposed
by section 1220x, imposing an inheritance tax on property pass-
ing by will or statutes of inheritance; for succession, as defined
by section 2824, is the coming in of another to take the property
of one who dies intestate, which implies that property acquired
by succession may be disposed of by will, while the property
which the wife takes under section 2826 may not be disposed of
by will without her consent.   (Page 102.)

2. TAXATION—INHERITANCE TAXES—PROPERTY SUBJECT. · Property
which a widow takes under Comp. Laws 1907, section 2828, pro-
viding that where an intestate leaves a wife and one child, or
the issue of one child, the estate shall go in equal shares to the
wife and child, and if more than one child one-third to the wife
and the remainder in equal shares to the children, and if intes-
tate leaves no issue all the property, if not over $5,000, shall
go to the surviving wife, while if over $5,000 one-half of the
excess shall go to the surviving wife and one-half to intestate's
parents in equal shares, etc., is received by her as an heir, and
what passes to her over her one-third granted by section 2826
is subject to the inheritance tax imposed by section 1220x. (Page
107.)

Appeal from District Court, First District; *Hon. J. D. Call,*
Judge.

In the matter of the estate of Newell Bullen, deceased.

Judgment fixing an inheritance tax on the property of the
estate.   State Treasurer appeals.

AFFIRMED.

A. R. Barnes, Attorney General, and E. V. Higgins and G. A. Iverson, Assistant Attorneys General, for appellant.

J. C. Walters, for respondent.

STRAUP, C. J.

The question is this: Is the widow's one-third interest in her husband's real property subject to the inheritance tax? The statute (Comp. Laws 1907, section 1220x) is:

"All property within the jurisdiction of this state and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor, to any person in trust or otherwise, shall be subject to a tax of five per cent. of its market value above the sum of $10,000, after the payment of all debts, for the use of the state," etc.

We have no statutes called "statutes of inheritance." We have corresponding statutes called "succession." Let it be assumed they are synonymous. "Succession," as defined by the statute (Comp. Laws 1907, section 2824), "is coming in of another to take the property of one who dies without disposing of it by will." The next section provides:

"The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the court, and to the possession of any administrator appointed by the court for the purpose of administration."

Then section 2826 is:

"One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, and to which the wife had made no relinquishment of her rights, shall be set apart as her property in fee simple if she survive him. * * * Property distributed under the provisions of this section shall be free from all

debts of the decedent, except those secured by mechanics' or laborers' liens for work or labor done or material furnished exclusively for the improvement of the same, and except those created for the purpose thereof, and for taxes levied thereon,'' etc.

By section 2828 it is provided that if the deceased die intestate leaving a husband or wife and one child, or the issue of one child, the estate goes in equal shares to the surviving husband or wife and child; if more than one child, one-third to the surviving husband or wife and the remainder in equal shares to the children; if the decedent leaves no issue; then all the real estate and personal property, if not over $5,000, goes to the surviving husband or wife; if over $5,000, the excess goes one-half to the surviving husband or wife and one-half to the decedent's father and mother in equal shares, etc.

The decedent died intestate, leaving a wife and more than one child. His estate was appraised at $51,243. The court deducted from that ''the exemption allowed by law, $10,000,'' all debts, expenses and costs, amounting to something over $23,000, and also ''the widow's one-third interest in the husband's real estate, amounting to $12,375. That left a balance of about $15,827, on which the court allowed an inheritance tax of five per cent., or about $791. From that judgment the state treasurer appeals, and contends that the wife's one-third interest in realty was also subject to the tax. It is not contended that all property of the decedent, in excess of the exemptions, is in express terms subject to the tax. It is contended, however, that ''all property   *   *   * which shall pass by will, or by the statutes of inheritance,'' includes the widow's one-third interest. Her interest did not pass by will. The question then is: Did it pass by the ''statutes of inheritance?''

As to that the authorities divide. By the statutes of Illinois it is provided that all property of the decedent ''which shall pass by will or by the intestate laws of the state,'' in excess of the exemptions, is subject to an inheritance tax. In that state:

''The surviving husband or wife shall be endowed of one-

third of all the lands whereof the deceased husband or wife was seised of an estate of inheritance, at any time during the marriage, unless the same shall have been relinquished in legal form.''

Under these statutes it was held (*Billings* v. *People,* 189 Ill. 472, 59 N. E. 798, 59 L. R. A. 807) that the wife's interest in the realty of her deceased husband was subject to the tax. This, on the theory that all property of a decedent passes in but two ways, by will ''or by descent in the modes provided by law; and when it does not pass by will it generally passes by law—that is, by the law governing the disposition of property of persons dying intestate.'' The court thus held the wife an heir of her husband, and, as such, took her one-third interest under the ''intestate laws of the state.''

The question was also before the California courts. There the rule of community property prevails. But under that rule the legal title of the community property is in the husband, who has the absolute dominion and control of it; and so long as the community exists the wife's ''interest is a mere expectancy and possesses none of the attributes of an estate either at law or in equity.'' *Packard* v. *Arrelanes,* 17 Cal. 525. The inheritance tax act of California also provided that all property which ''shall pass by will or by the intestate laws of this state'' was subject to the tax. In *Re Burdick,* 112 Cal. 387, 44 Pac. 734; *Spreckels* v. *Spreckels,* 116 Cal. 339, 48 Pac. 228, 36 L. R. A. 497, 58 Am. St. Rep. 170, and *Re Moffit,* 153 Cal. 359, 95 Pac. 653, 1025, 20 L. R. A. (N. S.) 207, it was held that the wife's interest in community property was subject to the inheritance tax. But that conclusion, and as stated by that court In *Re Kennedy's Estate,* 157 Cal. 517, 108 Pac. 280, 29 L. R. A. (N. S.) 428, ''was based solely on the proposition, established in this state by several prior decisions, that the wife takes such property solely by succession as an heir of the husband, and therefore, by the intestate laws of this state.'' Thus the California and Illinois courts proceed on the theory that the wife is an heir of her husband, and as such takes her interest in the husband's real property, though that interest is absolute, and one of which the husband

cannot deprive her by will or otherwise by his voluntary act without her consent.

The question was also before the Idaho court. There the rule of community property also prevails. In that state the inheritance tax law was similar to that of California and Illinois. That court, in *Kohny* v. *Dunbar*, 21 Idaho, 258, 121 Pac. 544, 39 L. R. A. (N. S.) 1107, Ann. Cas. 1913D, 492, reached a different conclusion, and held that the wife is not an heir of her husband, and that her interest in the community property is not subject to the inheritance tax. That view is supported by McKay on the Law of Community Property, page 542; Marsal's Succession, 118 La. 212, 42 South. 778, and other cases referred to in the opinion.

The question also was before the Nebraska court. There the rule of community property does not prevail. The surviving husband or wife, as here, takes his or her estate absolute, a one-fourth interest of all the real estate of which the wife or husband during coverture was seised of an estate of inheritance, either legal or equitable, and not relinquished, etc. The property there subject to the inheritance tax was, as in Illinois and California, all property of the deceased, in excess of the exemptions, "which shall pass by will or by the intestate laws of this state." That court, first, in the case of *In re Sanford's Estate*, 90 Neb. 410, 133 N. Y. 870, 45 L. R. A. (N. S.) 228, following Illinois, held the widow's interest subject to the tax. On rehearing (91 Neb. 753, 137 N. W. 864, 45 L. R. A. [N. S.] 236) that opinion was reversed, and the conclusion reached that her interest was not subject to the tax. The court, after saying that it was contended that the value of her interest should be deducted from the appraised value of the estate, stated:

"It would seem, from a review of the cases decided since our opinion was adopted, that such is the weight of authority. The reason for the rule seems to be that the widow takes her dower interest in the estate of her deceased husband by operation of law, that she could not be deprived of it by his will, that it is something which belongs to her absolutely and independent of any right of inheritance or succession, and therfore so much of the estate as belonged to her by right is not chargeable with the inheritance tax. We are not inclined to place ourselves in opposition to the weight of author-

ity on this question, and to this extent our  * * *  judgment is modified."

The question was again before that court *In Re Estate of Strahan*, 93 Neb. 828, 142 N. W. 678, where the same conclusion was reached. There the court said:

"It has been held by the great weight of authority that dower is not immune because it is dower, but because it, like the right to the homestead and to the distributive share of the widow of the estate of her deceased husband, belonged to her inchoately during his life, and vested fully in her at his death. The widow's share of the estate of her deceased husband, by the present inheritance law, is given to her in lieu of dower, and it follows that the interest of the appellant in her deceased husband's estate, both real and personal, comes within the test of immunity. Under the present statute the wife takes her interest in the estate of her deceased husband by operation of law. She cannot be deprived of that interest by his will. It is something which belongs to her absolutely and independently of any right of inheritance or succession. Strictly speaking, the widow's share should be considered as immune, rather than exempt, from an inheritance tax. It is free, rather than freed, from such tax. It is not excepted from the taxable class, because it never was in such class. Like all debts, taxes, costs, expenses, and other similar items, it is deduced before any inheritance tax is assessed. The share of the realty and personalty, which under our law goes to the widow independent of any will or act of the husband is not, so to speak, a part of his estate, and is no more liable to a succession tax at his death than is her individual property derived from her own ancestors and held in her own name, though the husband may have had the management and control of the estate during his lifetime. The effect of our decedent law is practically the same as the law of community of property, and the courts of those states which have adopted that law have held, with but a single exception, that the wife is not liable, upon the death of her husband, to pay an inheritance tax on her one-half of the community property, for the reason that the property does not pass to her by will or by the intestate laws of the state. *Kohny* v. *Dunbar*, 21 Idaho, 258, 121 Pac. 544 (39 L. R. A. (N. S.) 1107, Ann. Cas. 1913D, 492); *Succession of Marsal*, 118 La. 212 (42 South. 778). As we view the question, this rule should be applied to the facts under consideration. It is sustained by the greater weight of authority, and the more recent decisions of the courts of last resort in this country, and to our minds correctly disposes of the main question in this case."

That is the view also taken by the New York courts (*In re Weiler's Estate* [Sur.] 122 N. Y. Supp. 608; *In re Starbuck's*

*Estate,* 137 App. Div. 866, 122 N. Y. Supp. 584; *In re Green's Estate,* 68 Misc. Rep. 1, 124 N. Y. Supp. 863), and by the Pennsylvania court (*Avery's Etate,* 34 Pa. 204). We believe the doctrine established by the Nebraska, Idaho, and New York courts is founded on the better reason. Statutes of this kind are strictly construed against the taxing power. *Billings* v. *People, supra; People* v. *Kocnig,* 37 Colo. 283, 85 Pac. 1129, 11 Ann. Cas. 140; *Estate of Harbeck,* 161 N. Y. 211, 55. N. E. 850.

What the wife receives under section 2826—one-third in fee simple of all the legal and equitable estate in real property possessed by the husband during coverture, and not relinquished by her—she receives, not as an heir of her husband, but in her own right, something which belongs to her absolutely, and of which she could not have been deprived by will or by any other voluntary act of her husband without her consent. Under that section, she is not an heir within the meaning of our intestate or succession statutes. *Waddle* v. *Frazier,* 245 Mo. 391, 151 S. W. 87; *Golder* v. *Golder,* 95 Me. 259, 49 Atl. 1050; *Gardner* v. *Skinner,* 195 Mass. 164, 80 N. E. 825; *Braun* v. *Mathieson,* 139 Iowa, 409, 116 N. W. 789; *Gauch* v. *St. Louis M. L. Ins. Co.,* 88 Ill. 251, 30 Am. Rep. 554; *McNutt* v. *McNutt,* 116 Ind. 545, 19 N. E. 115, 2 L. R. A. 372; *Miller* v. *Finegan,* 26 Fla. 29, 7 South. 140, 6 L. R. A. 813. True, in wills, depending upon the context of the intention of the testator, a husband or wife may be included in the term ''heir'' (*Turner* v. *Burr,* 141 Mich. 106, 104 N. W. 379; *Gray* v. *Whittemore,* 192 Mass. 367, 78 N. E. 422, 10 L. R. A. [N. S.] 1143, 116 Am. St. Rep. 246; *Harris* v. *Rhodes,* 130 Ill. App. 233); and in insurance policies or certificates (*Burns* v. *Burns,* 109 App. Div. 98, 95 N. Y. Supp. 797; *Anderson* v. *Groesbeck,* 26 Colo. 3, 55 Pac. 1086; *Addison* v. *New England Com'l T. Ass'n.,* 144 Mass. 591, 12 N. E. 407).

That the wife's interest, under section 2826, does not pass by the intestate laws, or, as called in the inheritance tax act, statutes of inheritance, is well shown by the Idaho court in *Kohny* v. *Dunbar.* It said:

"It ought not to be difficult to determine what is meant by the words 'intestate laws of this state.' One who dies intestate dies without leaving a will and without disposing of his property and estate by last will and testament [citing cases]. The intestate laws of this state comprise that body of the statutes which provide and prescribe the devolution of estates of persons who die without disposing of their estates by last will and testament. In other words, intestate laws deal with intestate estates, and provide for the passing of title to such person or persons as the lawmakers in their judgment and wisdom have thought best entitled to such estates."

Then, after referring to the statutes of that state relating to the interest in community property which one spouse takes upon the death of the other, the court further observed:

"This statute clearly and unmistakably provides that the surviving spouse takes his or her half of the community property, not by succession, descent or inheritance, but as survivor of the marital community or partnership."

So here, while under our statute the wife does not take as a survivor of community property, she nevertheless takes her one-third interest in the husband's real estate in fee simple, just as absolute and as much in her own right as does the wife take her one-half in community property. In neither instance can she be deprived of that right by will, or by any other voluntary act of her husband without her consent, and in neither is her interest awarded or acquired by succession, descent, or inheritance. Succession, as defined by the statute, "is the coming in of another to take the property of one who dies without disposing of it by will." That implies that property acquired by succession may be disposed of by will. But the property which the wife takes under section 2826 may not be disposed of by will without her consent.

Now, under parts of section 2828 the widow is an heir of her husband; when he dies intestate leaving a wife and one child, the estate going one-half to her and one-half to the child, and if no issue, the whole of the estate, if not over $5,000 in value, to her. Thus what goes to her under section 2828, over and above her one-third interest granted under section 2826, she takes as an heir of her husband, for that he may dispose of by will to her or to another. That she takes

under the intestate laws or statutes of inheritance. But that which she takes under section 2826 she takes absolutely and in her own right, and not by succession or inherit-        2 ance. We think that the fair meaning of the statute of succession. With that conclusion it follows that the interest which the wife takes under section 2826 is not subject to the inheritance tax, and that the judgment of the court below, therefore, is right and should be affirmed.

Such is the order, with costs.

McCARTY, J., concurs.

FRICK, J.

I concur. The right of the wife under section 2826 is contingent only upon her surviving her husband. If she survive him, her rights are fixed and absolute. Under that section she does not take as an heir, but as a surviving widow of the husband, and he is powerless either to deny or to limit her rights by will or otherwise. Nor is she limited in her rights under that section to such real estate as the husband dies seised of, but she is entitled to "one-third in value of all the legal and equitable estates in real property possessed by her husband at any time during the marriage, and to which the wife has made no relinquishment of her rights." Moreover, what is here given to the wife, the statute says, "shall be free from all debts of the decedent, except those secured by mechanics' or laborers' liens for work or labor done or material furnished for the improvement of the same, and except those contracted for the purchase thereof, and for taxes levied thereon." The taxes here referred to are taxes levied on the husband's property before the wife's interest is set off. This of itself lends strong color to the claim that under said section the wife does not take as an heir. An heir, usually, can succeed only to that of which the intestate died seised or possessed in his own right, or in which he had an interest— that is, to what he owned at the time of his death; and all of the heir's claims are subject to the debts of the decedent. Under section 2826 the wife takes her full interest, although the husband had fully disposed of his interest during his

lifetime, and takes it "free from all debts," except those before stated. When the Legislature, therefore, adopted the statute by which a tax upon all property "which shall pass by will or by the statute of inheritance" was imposed, the wife's interest in the husband's real estate under section 2826 was, manifestly, not included in view of the terms of the statute. This being so, the courts should not attempt to include it by construction. As pointed out by Mr. Chief Justice STRAUP, in his opinion, statutes imposing such taxes are, as a rule, strictly construed. Where, as here, the tax is not one which is controlled by our Constitution, but is special, it is for the Legislature to say to what extent and upon what property it shall become operative.

The judgment of the District Court, as I view it, clearly follows the provisions of the statute, and must therefore be affirmed.