## COLUMBIAN FRATERNAL ASS'N v. SMITH.

(Court of Appeals of District of Columbia.  Submitted December 4, 1923.
Decided April 7, 1924.)

### No. 3925.

**1. Insurance ⬦⬦726—Provision in policy as to governing law controls.**

Where the application accompanying a certificate issued by a fraternal benefit association, authorized to do business by Act March 3, 1897, stated that the certificate should be construed according to the law of the District of Columbia, it will be so construed, though both insured and beneficiary were residents of Maryland, and the contract was made there.

**2. Insurance ⬦⬦793—Beneficiary, paying premiums to benefit association, not entitled to recover.**

A beneficiary, paying the premiums on a certificate issued by a benefit association, pursuant to an agreement with insured, prior to the time insured became a member of the association, under Code D. C. § 758, cannot recover on the certificate.

**3. Insurance ⬦⬦684—Insurer, taking over insurance business of association, not deprived of association's defenses.**

Where defendant took over the insurance business of a benefit association, it is not deprived of any defenses to members' certificates then existing on association's part.

Appeal from the Supreme Court of the District of Columbia.

Suit by Mary F. Smith against the Columbian Fraternal Association. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial.

S. V. Hayden and Dion S. Birney, both of Washington, D. C., for appellant.

R. R. Horner, of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This is an appeal from the Supreme Court of the District. The appellee, Mary F. Smith, brought suit against the Columbian Fraternal Association, the appellant, a body corporate of the District of Columbia and doing business therein, to recover the face value, with accumulations, of a certain contract or policy of insurance issued to one Maude H. Thomas by the Royal Benefit Association, a body corporate of the District of Columbia, authorized under the act of Congress approved March 3, 1897 (29 Stat. 630), to do a fraternal insurance business in the District of Columbia and elsewhere, in which policy said Smith was named as beneficiary.

Said Thomas and Smith were both residents of the city of Baltimore at the time the policy was issued, and Thomas was a member of Baltimore Assembly No. 165, a subsidiary of the Royal Benefit Association. The policy was dated November 25, 1905. Before becoming a member of Assembly No. 165, said Thomas made what is entitled "Application for Membership and Benefit Certificate in the Royal Benefit Associa-

tion of Washington, D. C.," in which, among other things, it was expressly stated:

"That any certificate that may be issued hereon shall be construed according to the laws of the District of Columbia, U. S. A."

The policy or contract of insurance referred to the application and stated that the agreements therein contained were made a part of the policy. The membership dues of Thomas and the assessments on the policy of insurance were paid to the Royal Benefit Association until about January 5, 1915, when appellant (in some manner not disclosed by the record, evidently not deemed important) took over and assumed the obligation of the Royal Benefit Association under said policy, and thereafter and until the death of said Thomas, which apparently occurred April 29, 1918 the premiums or assessments were paid to appellant.

[1, 2] The case came on for trial below before a jury, and after introducing the application and policy in evidence the appellee testified that she "put" said Thomas, who was her niece, into the Royal Benefit Association for the purpose of getting money to bury her; that she had paid the funeral expenses of the deceased; that the application and the policy were delivered to her by the Royal Benefit Association at the time said Thomas became a member thereof; that prior to and at the time she "put" her niece into said association there was an agreement between said Thomas and 'herself that appellee would pay the assessments and dues of said Thomas to said association; and that appellee had, pursuant to said agreement, paid the same. In substance this is the material part of the testimony of record on behalf of appellee.

Thereupon appellant, without introducing any evidence in its behalf, prayed the court to instruct the jury that, if they found there was a contract, agreement, or understanding between said Thomas and Smith, prior to or at the time Thomas became a member of the association, that the beneficiary, Smith, or any person for her, should pay the dues and assessments of Thomas, or either of them, their verdict should be for the defendant. This was refused, to which the defendant excepted. The court thereupon charged the jury that, if they found that Thomas, the insured under the policy, was dead, and that the premiums on the policy had been paid up to the time of her death, they should find a verdict for plaintiff, to which instruction appellant duly excepted. The verdict was for the plaintiff.

The prayer of the appellant was based upon section 758 of the Code of the District of Columbia, which reads as follows:

"*Contract Invalid if Beneficiary to Pay Assessments.*—No contract with any such association shall be valid when there is a contract, agreement, or understanding between the member and the beneficiary prior to or at the time of becoming a member of the association that the beneficiary, or any person for him, shall pay such member's assessments and dues, or either of them."

The only question before us is whether the court erred in refusing to grant appellant's prayer. It is not claimed that the Royal Benefit Association was not subject to the provisions of section 758. Neither

is there any question that it was lawful to make Smith the beneficiary of the policy.

It is claimed by the appellee that as the contract was made in Maryland, and the law of that state does not preclude recovery by the appellee (which appears to be the fact), she is entitled to recover, notwithstanding the provisions of section 758. Appellee also claims that the appellant is not shown to be a fraternal beneficial association, as defined by the laws of the District, and that it is estopped from making its said defense, because it has received the assessments on the policy since it took over the obligation thereof. While this case is one which invites the sympathy of the court on behalf of the appellee, nevertheless the issue presented must be disposed of according to the settled principles of law. That the contract shall be construed according to the laws of the District of Columbia seems to be well settled. Mutual Life Insurance Company of New York v. Hill, 193 U. S. 551, 24 Sup. Ct. 538, 48 L. Ed. 788; Burns v. Burns, 109 App. Div. 98, 95 N Y. Supp. 797; Mutual Life Insurance Co. v. Dingley, 100 Fed. 408, 40 C. C. A. 459, 49 L. R. A. 132; Equitable Life Assurance Society v. Trimble, 83 Fed. 85, 27 C. C. A. 23; Equitable Life Assurance Soc. v. Nixon, 81 Fed. 796, 26 C. C. A. 620; Williams v. New York Life Insurance Co., 122 Md. 147, 89 Atl. 97.

There is nothing in the case to show that the Royal Benefit Association waived the provisions of section 758, if, indeed, it could have done so, because there is nothing which tends to show that at any time it knew, or was charged with knowledge, of the agreement between Smith and Thomas that the latter should pay the membership dues of Thomas and assessments on the policy. Neither is there anything tending to show such knowledge or waiver on the part of appellant.

[3] It is unnecessary to cite authorities to the proposition that the appellant, in taking over the original contract of insurance, was not thereby deprived of the defenses then existing thereto on the part of the Royal Benefit Association; hence it is immaterial whether or not appellant is a fraternal association.

It follows that the judgment below must be and it is reversed, with costs, and the case remanded for a new trial.