## WILLIS v. WILLIS

No. 3190.    Decided April 16, 1918.    (172 Pac. 685.)

1. DIVORCE—APPEAL—FAILURE TO CERTIFY EVIDENCE—FINDINGS—RE-
   VIEW. On appeal from judgment refusing to modify decree for
   alimony, the court on appeal is unable to determine whether findings
   are or are not supported by evidence, no evidence having been certi-
   fied. (Page 94.)

2. DIVORCE—COURT FINDINGS—CONFORMATION TO EVIDENCE—PRESUMP-
   TION. No evidence having been certified, presumption is that find-
   ings conform to evidence. (Page 94.)·

3. DIVORCE—REVIEW—EVIDENCE NOT CERTIFIED. Affidavit filed in sup-
   port of motion to amend decree for alimony, being merely evidence,
   cannot be considered on appeal, where not certified by district court
   in the form of a bill of exceptions. (Page 94.)

4. DIVORCE—RULINGS OF TRIAL COURT PRESUMPTION. In the absence
   of evidence to the contrary, the court on appeal from a judgment
   refusing to modify decree for alimony, and compel defendant to
   pay certain claims, is bound to presume that the reasons given by
   the trial court for refusal to require defendant to pay amount of
   plaintiff's claim are well founded. (Page 95.)

Appeal from District Court of Weber County, Second Dis-
trict; *Hon. P. C. Evans*, Judge.

Action by Mae Willis against John G. Willis.

Judgment refusing to modify decree for alimony.  Plaintiff
appeals.

AFFIRMED.

*A. G. Horn* for appellant.

*John G. Willis* in pro per.

FRICK, C. J.

This is an appeal from a judgment refusing to modify a de-
cree for alimony.  The appeal is upon the judgment roll with-

out a bill of exceptions. The controlling facts appearing from the record as filed in this court are substantially as follows:

On March 19, 1912, the plaintiff herein commenced an action against the defendant in the district court of Weber County for a divorce. The defendant made default, and, after a hearing on plaintiff's complaint, the district court aforesaid, on the 20th day of May, 1912, made and filed findings of fact and conclusions of law granting her a divorce from the defendant, and also determined the amount of alimony the defendant was required to pay from time to time to the plaintiff. An interlocutory decree, as provided by our statute, was duly entered on the same day the findings of fact and conclusions of law were filed. Thereafter, and pursuant to the interlocutory decree, and in compliance with our statute, a final decree of divorce was duly entered on the 8th day of November, 1913. On the 7th day of June, 1917, plaintiff filed her motion, of which she served notice on the defendant, and in connection therewith also prayed for an order requiring him to show cause why the decree for alimony should not be amended in certain particulars, and why he should not pay certain claims mentioned in the motion and order to show cause. The motion was supported by plaintiff's affidavit, in which the facts upon which she based her claims were stated. The district court issued an order, which was duly served on defendant, requiring him to show cause on the 18th day of June, 1917, why the decree for alimony should not be granted as prayed for by plaintiff, etc. The defendant appeared in answer to the order to show cause, and the matter was tried before the Hon. P. C. Evans, one of the district judges of Salt Lake County, who, at the request of the judge of the district court of Weber County, and pursuant to our statute, heard the evidence produced by both parties. The district court, on the 22d day of September, 1917, made and filed its findings of fact and conclusions of law, in which the issues presented by plaintiff's motion were found in favor of the defendant, and judgment was entered denying plaintiff's motion, and the decree as originally entered was affirmed.

Plaintiff appeals from the judgment, and insists that the

district court erred in making its findings of fact and conclusions of law and in entering judgment as before stated.

It is conceded that both parties produced much oral evidence in support of their respective contentions.

In view that no evidence has been certified up, we are unable to determine whether the findings are or are not supported by the evidence.

The presumption is that the findings conformed to the evidence.

The only evidence in the record is the affidavit of plaintiff which was made and filed in support of her motion. That, however, was merely evidence in the case. Like all other evidence produced by her in support of her motion, and in view that it is not certified up by the district court in the form of a bill of exceptions, we cannot consider even that. This court cannot consider affidavits which are presented to the trial court in support of the claims of the parties unless certified up by the trial court. Notwithstanding the fact that no evidence is certified up, counsel for plaintiff, nevertheless, very earnestly insists that we should set aside the findings of fact and conclusions of law made by the district court. Counsel, in his brief upon that subject, makes the following observation: "It appears as if the court below tried to favor the defendant for some reason or other." In appealing to this court counsel further says: "In this case the plaintiff realizes that the defendant is an attorney and *may expect or seek special consideration at the hands of this court,"* etc. (Italics ours.) If the plaintiff intimated to her counsel that she entertained such views, it was his duty, as an officer of this court, to disabuse her mind of her error, and not make such observations to this court as a reason why the findings are erroneous and should be modified. Such statements are always improper, and, in view of the peculiar circumstances of this case, are highly so. Indeed, they might well be characterized by a much harsher term. Moreover, if counsel believed that the district court committed error in its findings, it was counsel's duty to present the evidence to this court, so that we might review it and correct any error the court

may have made in that respect. To intimate, as counsel does, that the district court did not act impartially, and that the defendant may expect "''special consideration'' from this court, transcends the bounds of propriety. To say the least, it is a severe reflection not only upon the trial court, but upon this court as well. In passing this question we express the hope that counsel will not repeat the offense.

Counsel, however, insists that the court erred in not enforcing the provisions of the original decree, and, as he says, in granting defendant "affirmative relief" without pleadings. While it is true that the court refused to comply with the plaintiff's request to require the defendant to pay a certain amount she claimed on a certain piano, yet it is also true that the court may have found good reasons in the evidence for refusing to comply with plaintiff's request. Here again it is pertinent to ask why counsel did not present the evidence produced before the trial court. Counsel is in error, however, in his statement that the court granted affirmative relief. All the court did was to refuse plaintiff's demand for affirmative relief.

The court set forth its reasons why it refused to require the defendant to pay the amount plaintiff claims on the piano, and, in the absence of any evidence to the contrary, we are bound to presume that the reasons are well founded. It may be that the evidence disclosed that the plaintiff was no longer entitled to what she claims.

The judgment is affirmed.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.