## In re OSGOOD'S ESTATE.

No. 3193.   Decided April 30, 1918.   (173 Pac. 152.)

1. WILLS—ELECTION—SURVIVING WIFE. Where testator's will, under Comp. Laws 1907, section 2827, makes provision for his widow, and expressly declares therein that the same is in lieu of the one-third interest in his real estate given her by Comp. Laws 1907, section 2826, she must elect between the will and her statutory one-third interest in his real estate, and, if she elects to take under the will, her share of the estate passes to her by that instrument. (Page 193.)

2. TAXATION—INHERITANCE TAX—EXEMPTION. Although the wife's one-third interest in husband's real estate is exempt from the inheritance tax imposed by Comp. Laws 1907, section 1220x, where wife elects to take under will, in lieu of such statutes, one-third interest, the property is transmitted by the will and not under the statute, and the amount she receives will not be deducted from the amount of the estate in computing inheritance tax imposed by section 1220x on "all property   *   *   *   which shall pass by will." (Page 193.)

3. STATUTES—CONSTRUCTION OF TAX LAWS. A law imposing a tax of any kind should be strictly construed. (Page 195.)

4. TAXATION—EXEMPTION—BURDEN OF PROOF. A person who claims exemption from taxation has the burden of proving facts entitling him to exemption. (Page 195.)

Appeal from District Court of Weber County, Second District; *Hon. A. E. Pratt*, Judge.

In the matter of the estate of F. C. Osgood, deceased.

From an order determining the amount of inheritance tax, the executor appeals.

AFFIRMED.

*Gideon & Gwilliam* and *Wade M. Johnson* for appellant.

*Dan B. Shields*, Atty. Gen., and *Jas. H. Wolfe* and *O. C. Dalby*, Asst. Attys. Gen., for respondents.

FRICK, C. J.

This is an appeal from an order or judgment of the district court of Weber County by which said court determined the amount of inheritance or transfer tax, as it is sometimes called, said estate should pay to the state of Utah. The court ordered the executor to pay a tax of $5,269.23, and the executor appeals, and insists that the amount fixed by the court is excessive.

The case was submited to the district court upon an agreed statement of facts, and the appeal is presented to this court upon such statement. The facts are stated in detail, and are too long for insertion here. We shall therefore merely state the substance of the facts stipulated, excepting those parts which we cannot well condense, and those we shall state at length.

The statement of facts and the judgment of the court being necessarily based upon certain sections of our statutes, we, at this point, insert the several sections which are deemed material to the controversy.

Comp. Laws 1907, section 1220x, as amended by chapter 98, Laws Utah 1915, p. 153, so far as material here, provides:

"All property within the jurisdiction of this state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state, or by deed, grant, bargain, sale, or gift, made in contemplation of death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after the death of the grantor, vendor, or donor, to any person in trust or otherwise, shall be subject to the following tax, after the payment of all debts, for the use of the state: Three per cent. of its market value in excess of $10,000.00 and not exceeding $25,000.00, and five per cent. of its market value in excess of $25,000.00.   *   *   *"

Section 2826 in part provides:

"One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, and to which the wife had made no relinquishment of her rights, shall be set apart as her property in fee simple if she survive him.   *   *   *"

Section 2827 is as follows:

"If the husband shall make any provision by will for the widow, such provision shall be construed to be in lieu of the distributive share secured by the next preceding section, unless it shall appear from the will that the decedent designed the testamentary provision to be additional to such distributive share, in which case the widow shall be presumed to have accepted both such testamentary provision and such distributive share. If, however, it does not appear from the will that its provision for the widow is additional, then the widow shall be conclusively presumed to have renounced such provision, and to have accepted her distributive share, unless within four months after the admission of the will to probate, or within such additional time before distribution as the court may allow, she shall, by written instrument filed with the clerk of the court, accept the testamentary provision, which acceptance shall be construed to be a renunciation of her dis-

tributive share. In the event that the wife shall be insane or incompetent, or absent from the state, an election shall be made for by a general guardian, if she have one, or by a special guardian for the purpose, appointed by the court.''

It is stipulated that one C. F. Osgood died on May 2, 1916, and that he left a last will and testament in which one F. C. Osgood was named as executor; that the deceased left surviving him, as his heirs, legatees, and devisees, his widow, Tilla Dale Osgood and one daughter, a minor, Alice Dale Osgood; that the deceased left both real and personal property within this state, and that such last will was duly admitted to probate in Weber County, Utah, and that said F. C. Osgood was duly appointed executor of said will; that an inventory and appraisement of said estate was duly made and filed which showed the value of said real estate to be $60,283, and the personal property to be of the value of $144,191.24; that said will contained the following provision:

''Subject to the above-mentioned charges against my estate, I give, devise, and bequeath to my brother, F. C. Osgood, dentist, of Ogden City, Utah, as trustee, all my estate, of whatsoever kind and wheresoever situated, owned by me at the time of my death, in trust, however, to and for the use and benefit of my daughter, Alice Dale Osgood, if she survive me, otherwise to and for the use and benefit of my heirs at law, exclusive of my wife, Tilla Dale Osgood, for whom I have made other provision herein, subject, however, to the following provisions and conditions: Out of the income arising from my estate, if sufficient, otherwise from the principal of my estate, I direct said trustee (a) to make suitable and proper provision for the support, care, and maintenance of my wife, Tilla Dale Osgood, if she survive me, and in addition thereto to pay to her monthly, or at such other times as he may think proper, a sum of money, the amount of which I leave to his discretion, but not exceeding the sum of $100 per month, for and during her lifetime, and upon her death to pay the reasonable expenses of her last sickness and burial; provided, however, that this provision for my wife shall be in lieu of, and not in addition to, her statutory interest in my estate granted by section 2826 of the Compiled Laws of Utah 1907.''

It is further stipulated that at the time the deceased departed this life his said wife, Tilla Dale Osgood, was an incompetent person, and that in due time the Hon. J. A. Howell, an attorney at law, was, by the district court of Weber County, duly appointed guardian of her person and estate; that thereafter said guardian filed a petition in said district court, which reads as follows:

"In the District Court of Weber County, Utah.

"In the Matter of the Estate of Charles F. Osgood, Deceased —Petition.

"Now comes J. A. Howell, the duly appointed guardian of Tilla Dale Osgood, incompetent, and respectfully shows to the court that his ward was duly adjudicated as incompetent, and that he was duly appointed as the guardian of the person and estate of said incompetent and is now acting as such. That under the will of the said Charles F. Osgood, deceased, certain provisions were made in lieu of her statutory right to inherit from said deceased. That certain controversies have arisen between your petitioner and the executor of said estate and the relatives of said incompetent, and they have mutually agreed that the provisions of said will making provision for said incompetent shall be construed to amount as follows: Said executor shall pay to your petitioner, beginning with the 1st day of October, 1916, the sum of $1,000 cash per annum, which sum shall be payable in equal sums of $500 semiannually in advance, beginning with said last above mentioned date, and shall at once pay to your petitioner the sum of $10,000 in cash, and your petitioner also asks for an order that the executor be required to pay the expenses of Edna Valeria Dale in coming to Ogden and participating in said settlement, amounting to $54, and pay A. G. Horn, the attorney who acted for her and for this petitioner, a reasonable attorney fee. It being understood that said payments shall be the absolute property of said incompetent, and that said property shall not be removed from the jurisdiction of this court, and that the same shall constitute a full settlement of all claims of said incompetent against said estate. That your petitioner,

in the event said agreement is ratified, shall have complete charge and control of said incompetent and is to care and provide for her exclusively out of said sums above stated, without any further claims being made against said estate, and also without any supervision concerning the same by the executor of said will of said deceased. Wherefore petitioner prays that said agreement be ratified by the court, and that the executor be ordered and required to carry the same into effect, and that petitioner have such other and further relief as may be just.''

It is further stipulated that after a hearing before said court upon said petition such court made and entered the following order:

''In the District Court of Weber County, State of Utah.

''In the Matter of the Estate of C. F. Osgood, Deceased— Order.

''The petition of J. A. Howell, guardian of Tilla Dale Osgood, incompetent, coming on regularly to be heard this day, and the executor of the above estate being present in person and by counsel, and consenting to this order, and the court having heard the evidence, and being duly advised in the premises:

''It is therefore ordered, adjudged, and decreed that whereas, certain provisions were made under the will of the said Charles F. Osgood for his surviving widow, Tilla Dale Osgood, incompetent, and said provisions being made in lieu of her statutory right to inherit from said deceased, and controveries having arisen between said executor and the guardian and relatives of said incompetent, and they having mutually agreed that the provisions of said will providing for said incompetent shall be construed to and it is hereby ordered that the same shall be as follows: Said executor shall pay to J. A. Howell, guardian of the person and estate of said Tilla Dale Osgood, incompetent, beginning with October 1st, 1916, the sum of $1,000 in cash per annum, payable in advance, beginning with October 1st, 1916, and on or before said date shall likewise pay to him the sum of $10,000 in cash, and shall also pay to him the sum of $54 railroad expenses expended by

Edna Valeria Dale in coming to Ogden and participating in said settlement, to be by him paid to said Edna Valeria Dale, and shall pay to A. G. Horn, her attorney, and the attorney of said guardian, the sum of $100, and said guardian shall also pay to him an additional $50, which shall be in full for his services.   Said payments to said guardian shall be the absolute property of said incompetent, but said $10,000 fund shall not be removed from the jurisdiction of this court, and the same shall constitute a full settlement of all claims of said incompetent against said estate, and said provisions shall stand and be in lieu of the statutory right of inheritance by said incompetent, and shall be treated as her election to take under the will.   It is further ordered that the said J. A. Howell, guardian as aforesaid, shall have complete charge and control of said incompetent, and is to care and provide for her exclusively out of the said sums hereinbefore paid to him, and no further claim shall be made against said estate for such care, and the estate and the executor thereof are hereby released from further supervision concerning the person and estate of said incompetent from and after the payment of said sums aforesaid.   Done in open court September 15th, 1916.''

It is further stipulated that the executor complied with said order or judgment and paid to the guardian aforesaid said sum of $10,000 and the other amounts mentioned in said order; that thereafter said executor filed his petition in said district court, in which he asked said court to determine and fix the amount of the inheritance tax due to the state from said estate, and the court, after a hearing on said petition, determined the amount of the inheritance tax due from said estate to the state of Utah to be the sum of $4,569.23; that after said order was entered, upon applications duly made by both said executor and the state, a rehearing was granted by said court upon said petition, and the court, after such rehearing, made the following findings:

The court finds that the value of the real estate
appraised by the inheritance tax appraisers was.$  60,283.00
That the value of the personal estate, as appraised
by the inheritance tax appraisers, was........  144,191.24

Making the total appraised value of the estate....$204,474.24

From which the following deductions should be made:
Amount exempted by law........................$ 10,000.00
Debts of the estate, allowed, approved, and paid
by executor  .............................  77,646.75
Court costs  ................................  461.75
Funeral expense  ...........................  2,786.35
Statutory fees of executor....................  2,194.74

$ 93,089.59
Net value of estate upon which the tax should be
computed  ...............................$111,384.65

Upon $15,000.00 of which the tax should be com-
puted at the rate of 3 per cent., making.......$  450.00
And upon the remainder, $96,384.65, the tax
should be computed at 5 per cent., making......  4,819.23

Total  ...............................$  5,269.23

Pursuant to such findings the court entered the following
order or judgment:

"It is therefore ordered that the said executor pay to the
treasurer of the state of Utah, as and for the inheritance tax
due from said estate, said sum of $5,269.23, and that this
order be entered in lieu of the former order of this court
ascertaining and fixing the inheritance tax, which former order
of the court is hereby vacated."

It is further stipulated that said court, in determining the
amount of such tax, refused to deduct one-third of the value
of the real estate, and computed the tax upon the entire value
of the real estate of which the decedent died possessed. The
stipulation of facts closes as follows:

"It is agreed and stipulated between counsel that the fore-

going contains all of the facts necessary for a determination of the question involved in this appeal, and shall constitute and be in lieu of any other or additional record, and that the clerk of the district court may certify this stipulation as and for the record on appeal in said matter.''

The executor, hereinafter called appellant, contends that the district court erred in not deducting one-third of the value of the real estate of which the decedent died possessed in computing the inheritance tax, and that to that extent the tax imposed by the court is excessive. Appellant's counsel, with much earnestness, argues that inasmuch as this court has held in *Re Bullen's Estate,* 47 Utah, 96, 151 Pac. 533, L. R. A. 1916C, 670, that the one-third interest of the widow in her husband's real property is exempt from the inheritance tax imposed by section 1220x, therefore the statutory interest of the widow is exempt, regardless of whether she takes under the statute or under her husband's will. The only question, however, that was involved in *Bullen's Appeal,* was that in case the widow elected to take one-third in value of the real estate of which her husband died possessed, as provided in section 2826, *supra,* then her one-third interest was not subject to the inheritance tax imposed by section 1220x. The question whether any part of the husband's estate, except the special exemptions provided for in said section, is exempt where the widow takes under her husband's will, was not before this court in that case, and could not be, and hence was not, decided. The decision in that case is based entirely upon the conclusion that where the widow takes one-third in value of her husband's real property under section 2826 she does not take as his heir, and hence her interest is not subject to the inheritance tax. That conclusion is based upon the fact that under our statute the husband cannot deprive his wife of her statutory interest without her consent if she survive him.

In case, however, the husband makes provision in his will for his wife, she may then waive or surrender her rights under section 2826, and take under her husband's will. That she may do that is just as clear from section 2827,  1, 2 which we have quoted in full, as it is clear from section

2826, that she is entitled to one-third of the value of her husband's real property regardless of any provision he may make for her in his will. If, however, the husband makes provision in his will for his widow, and she elects to waive or to relinquish her right under section 2826, *supra,* and elects to take under the will, she then assumes precisely the same relation to the husband's estate as any other legatee or devisee under the will. In that event she relinquishes the right given to her by section 2826 just as effectually as though she had conveyed such right by deed either before or after the death of her husband. Such is clearly the purport and effect of sections 2826 and 2827 when read and construed together, as they must be. In case, therefore, the widow elects to take under her husband's will, as provided by section 2827, she, of necessity, relinquishes her right to take under section 2826, and thus whatever share she receives from her husband's estate under the will passes to her by such will and not otherwise. In such event the amount that she receives from her husband's estate, whatever it may be, may not be deducted from her husband's estate in computing the inheritance tax. Section 1220x provides that "all property, * * * whether tangible or intangible, which shall pass by will or by the statutes of inheritance, * * * shall be subject to the following tax." As we have seen, it is stipulated in this case, and properly so, that the widow is a legatee under the will. In the original decree the amount the widow should receive under the will is fixed. That decree was compiled with and not appealed from. In the decree it is expressly found that the amount allowed under the will is in lieu of the statutory right of the widow, and "shall be treated as her election to take under the will." That finding has never been assailed, and could not well be, and hence it stands unaffected. It is pertinent, therefore, to ask, is there, can there be any doubt that in this case the right of the widow to take one-third in value of the real property of her husband was intentionally relinquished or surrendered? If that be so, it necessarily follows, as night follows day, that what she received from her husband's estate passed to her by will.

There is still another reason, however, why she must be deemed to have taken under the will. It is this: If she had taken under section 2826, she would have been entitled to one-third of the value of all of the real property of which her husband at any time during the marriage relation was possessed. The value of the real estate in which the widow had a right to share is conceded to be $60,283, one-third of which, therefore, would be $20,094.33. Under the will, however, she was awarded the sum of $1,000 annually, to be paid in cash in installments of $500 twice each year. In addition thereto she was also awarded a gross sum of $10,000. The foregoing provisions may or may not be less than what the widow would have received had she taken one-third of the value of the real estate. If she continues to live a considerable number of years, she may receive more under the will than she would have received had she exercised her statutory right; but, if she should die soon, what she receives under the will will be less. That is, however, referred to only to show that the widow in fact took under the will, and that the election made for her by her guardian may be an advantage to her. Is it not manifest, therefore, that the whole estate in question here did "pass by will"? If that be so, then the state is unequivocally entitled to the inheritance tax provided by section 1220x, and as found by the court in the findings we have set forth in full. The Legislature which passed the statute made no exceptions, and if that body makes no exceptions the courts can make none.

While we are aware of, and approve, the general rule, that a law which imposes a tax of any kind or character cannot be extended by construction beyond the literal terms of the statute, yet we also recognize the rule that where, as here, all property which passes by will is within the ex-    3, 4 pròss terms of the statute, then the burden should fall upon the person who claims an exemption under the statute to establish that fact. *In re Hickock's Estate,* 78 Vt. 259, 62 Atl. 724, 6 Ann. Cas. 578. At all events, the inheritance statute of this state should receive a fair and reasonable construction both in favor of the state and against it.

Counsel for appellant, however, contend that, in view that
we have held that the husband cannot deprive his widow of
the one-third interest in his real estate, the interest, under
section 2826, is not a part of his estate, and therefore we
should hold that, although the husband may have made pro-
vision in his will for his widow, and she may have elected to
take under the will, nevertheless one-third part of the hus-
band's estate is not subject to the inheritance tax. To reach
such a conclusion, however, requires us to read something
into the statute which is not there either in terms or by neces-
sary implication. In New York a statute which, in legal effect,
is precisely like section 1220x, has been in force at least since
1896. Vol. 1, Laws of New York 1896, c. 908, art. 10, section
220. The only difference between the New York statute and
our own, in so far as the question here involved is concerned,
is that in our statute the tax imposed is denominated an in-
heritance tax, while in New York it is called a transfer tax.
In our statute the language used is all property which "shall
pass by will," while in the New York statute the language is
all property where the "transfer is by will." While there is
a slight difference in phraseology, there is none in legal effect.
The New York statute has been before the New York Supreme
Court at different times, and has been construed and applied
in the following cases: *In re Riemann's Estate*, 42 Misc. Rep.
648, 87 N. Y. Supp. 731; *In re Stuyvesant's Estate*, 72 Misc.
Rep. 295, 131 N. Y. Supp. 197; *In re Barbey's Estate* (Sur.)
114 N. Y. Supp. 725; *In re Martinez's Estate* (Sur.) 160 N.
Y. Supp. 1121. The cases of *In the Matter of Gould*, 156 N.
Y. 423, 51 N. E. 287, 25 Atl. 23, and *In re Rogers' Estate*, 71
App. Div. 461, 75 N. Y. Supp, 835, affirmed in 172 N. Y. 617,
64 N. E. 1125, are, in principle, not distinguishable from the
foregoing cases, yet the latter cases do not, like the former ones,
directly pass upon the precise question involved here. The
case of *Small's Estate*, 151 Pa. 1, is also in point. *In re Rie-
mann's Estate, supra*, the identical questions which are raised
by appellant's counsel in this case are thoroughly considered,
and a conclusion contrary to their contention is there arrived
at. In view that the opinion in that case so clearly states the

legal questions involved here, we take the liberty of quoting somewhat copiously therefrom. The court said:

"This is an appeal from the decree assessing the tax under the transfer tax law (Laws 1896, p. 795, c. 908) upon a legacy given under the will of said deceased to his widow, Mary F. Riemann, and from that portion of the order and determination made by the surrogate herein fixing, assessing, and determining the transfer tax upon the property transferred to the appellant under and by virtue of the provisions of the will of said decedent, and brings up for review the sole question as to whether a legacy made in lieu of dower is a taxable transfer. A dower right is an interest in real estate not subject to a tax or to the testator's disposition, and is therefore not a transfer tax of, or a succession to, property of her husband. It is property which exists inchoately during her husband's lifetime, and passes to the widow regardless of the laws governing the disposition of the property of a decedent by will or under the laws applicable to intestacy. It is therefore argued that to assess and tax against her the property accepted by the widow from her husband in his will in lieu of dower would, in effect, be taxing her dower as a taxable transfer. It is further urged that the testamentary provisions made for the benefit of the appellant, having been made and accepted for and in consideration of the relinquishment of the appellant's dower in the lands of which her husband died, seised, should be the subject of taxation, not in her hands, but in the hands of those receiving the lands, at least to the extent of the value of the appellant's dower in the lands at the time of her husband's death; and that the provisions accepted by her must be regarded as a consideration for the sale by her of her dower rights; and the immediate effect of the testator's action in making this provision conditional upon their acceptance in lieu of the appellant's dower would be in case of her acceptance of the provisions forthwith to free the lands from her dower; that to the extent of the value of her dower in her husband's lands the widow has, by the acceptance of the testamentary provisions made for her benefit, merely received her dower in a gross sum, and to that extent not she, but those getting the lands, have succeeded to the property of the decedent. * * * *In Matter of Gould*, 156 N. Y. 423, 51 N. E. 287, the principle is broadly stated, viz.: 'It matters not what the motive of the transfer by will may be—whether to pay a debt, discharge some moral obligation, or benefit a relative for whom the testator entertains a strong affection—if the devise or bequest be accepted by the beneficiary, the transfer is made by will, and the state, by the statute in question, makes a tax to impinge upon that performance.' This case must, therefore, be authority that the appellant could have refused to accept the legacy given to her in lieu of dower under the will, in which event, whatever the value of dower may have been, it could not have been taxable under the transfer tax act, since it would not be a transfer

by will; but the moment the appellant accepted the provision under the will in lieu of her dower, a tax under and by the virtue of the transfer tax act immediately attached upon that performance, and by her acceptance of the legacy for her dower she released all claim to her dower and to every right which she would have under the same.''

The other cases cited above are to the same effect, and therefore we shall not refer to them further.

The only case that is cited in which appellant's contentions are sustained is the case of *In re Estate of Sanford,* 91 Neb. 752, 137 N. W. 864, 45 L. R. A. (N. S.) 236. In that case the Supreme Court of Nebraska, by a divided court, arrived at the conclusion that the widow's interest in her husband's estate is exempt regardless of whether she takes under the will or under the statute. The Nebraska statute is in effect like ours. In a former decision in the same case, reported in 90 Neb. 410, 133 N. W. 870, 45 L. R. A. (N. S.) 228, the court had arrived at a different conclusion. Mr. Justice Fawcett, however, dissented from the conclusion reached by the majority, and on rehearing his views were in part adopted by four out of the six justices who sat in the case, the Chief Justice not sitting. The writer is unable to assent to the conclusion reached on rehearing in the Nebraska case, not only because in his opinion the reasoning, what little there is, is unsound, but for the further reason 'that in order to arrive at such a conclusion something must be read into the statute which is not there. In the majority opinion in the Nebraska case it is, however, insisted that the weight of authority supports the conclusion there reached. The writer of that opinion upon that subject says:

''It was contended on the argument   *   *   *   that the recently adjudicated cases hold that notwithstanding the fact that the widow *   *   *   takes under the will and thus relinquishes dower, the value of her dower interest   *   *   *   is not chargeable with an inheritance tax; in other words, the value of her dower interest should be deducted from the appraised value of the estate.''

The justice then proceeds:

''It would seem, from a review of the cases decided since our opinion was adopted, that such is the weight of authority.''

Although the cases cited from the New York Supreme Court,

except the one reported in 160 N. Y. 1121, were then decided, yet not one of them is referred to in either the opinion on rehearing or in Mr. Justice Fawcett's dissenting opinion when the case was first decided.      Moreover, notwithstanding the foregoing statement of the justice who wrote the prevailing opinion on rehearing that the conclusion reached on rehearing is in accordance with the weight of authority he has not cited a single case which supports the conclusion.      Neither have counsel for appellant nor counsel for the state (although both counsel have filed briefs in which most commendable diligence is manifested, and which have greatly assisted us), been able to find any case which supports the Nebraska case, although the attorney general has cited cases to the contrary. Nor has the writer, after making a very diligent independent search been able to find any case which sustains the doctrine announced by the four justices of the Supreme Court of Nebraska.      In the dissenting opinion of Mr. Justice Fawcett, which is found in 90 Neb. 424, 133 N. W. 870, 45 L. R. A. (N. S.) 228, cases are cited which announce the doctrine laid down by this court in *Re Bullen's Estate,* which doctrine we still think is sound, both upon principle and authority, and is hereby affirmed.      Mr. Justice Fawcett quotes from the headnote in *Re Weiler's Estate* (Sup.) 122 N. Y. Supp. 608, where it is said:

"A widow's dower estate in lands of her deceased husband, which became vested on her marriage and consummated on the death of her husband, independent of the husband's will, and not by virtue thereof, was not subject to transfer tax."

The same principle is stated in *Re Green's Estate,* 68 Misc. Rep. 1, 124 N. Y. Supp. 863.

No other New York case is referred to by Mr. Justice Fawcett except an old case reported in [*Isenhart* v. *Brown*], 1 Edw. Ch. (N. Y.) 411, in which the question under consideration by the Nebraska Supreme Court was not even remotely involved.

The Nebraska Supreme Court evidently failed to find the New York cases we have cited above, since no mention is made of any of them, although, as we have seen, all but one were

then decided and accessible. In all of the New York cases we have cited, the question involved here was either directly or indirectly passed on, while in none cited by the Supreme Court of Nebraska was the question presented here discussed, much less decided. The New York cases we have referred to in our judgment are sound in reason and right in principle, and withal conform to every rule of sound construction. The New York cases which we have cited in support of the conclusions here reached should receive special weight for the reason that the New York inheritance statute is practically the same as ours, and because the decisions of the New York Supreme Court are in strict harmony with the doctrine laid down by this court in *Re Bullen's Estate, supra.* Notwithstanding that doctrine, however, that court has held that when the widow takes under the husband's will the whole estate is subject to the inheritance tax, without any deductions except those specifically provided for in the statute. To the mind of the writer, no other conclusion is permissible under the present wording of our statute. If any change is to be made in the statute, it should be made by the Legislature and not by this court. It would seem, however, that the Legislature is satisfied with the construction this court placed on section 1220x in *Re Bullen's Estate,* since the statute has since been amended in some particulars, but in that respect is left just as it was when that case was decided. See chapter 87, Laws Utah 1917, p. 250.

In our opinion the judgment of the district court is clearly right, and therefore it is affirmed; costs to be paid out of the funds of the estate.

McCARTY, CORFMAN, and THURMAN, JJ., concur.

GIDEON, J., being disqualified, did not participate in the hearing of this case.