## In re KJAR'S ESTATE.

No. 3988.   Decided Nov. 8, 1923.   (220 Pac. 501.)

1. DOWER—CONVEYANCES BY HUSBAND TO WIFE AND MEMBERS OF FAMILY PRESUMPTIVELY WITH HER CONSENT AND IN RELINQUISHMENT OF DOWER. A husband's conveyance of all his property in anticipation of death to his wife and other members of his family, in the absence of evidence to the contrary, will be presumed to have been made with her consent, and will operate as a relinquishment of her one-third interest under Comp. Laws 1917, § 6406, in the property not conveyed to herself.

2. TAXATION—INHERITANCE TAX APPLICABLE TO PROPERTY CONVEYED TO FAMILY IN ANTICIPATION OF GRANTOR'S DEATH. Under Comp.

Laws 1917, § 3185, as amended in Laws 1919, c. 64, property passing by deed, made in contemplation of death is subject to an inheritance tax.[1]

Appeal from District Court, Seventh District, Sanpete County; *Dilworth Woolley,* Judge.

In the matter of the estate of Louis C. Kjar, deceased. From a judgment fixing the amount of the inheritance tax, the State appeals.

REMANDED, with directions to modify.

*Harvey H. Cluff,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

*J. A. Hougaard,* of Manti, for respondent.

THURMAN, J.

Louis C. Kjar, a resident of Manti City, Sanpete county, Utah, died intestate in that city November 7, 1921, leaving a surviving widow and numerous children. An administrator of his estate was thereafter duly appointed and qualified, and it appears from the record that his estate consisted solely of personal property of the value of $858. It also appears from the record that a short time prior to his death he conveyed to his wife and members of his family by deed, as a final distribution of his property, all of his real estate, aggregating in value the sum of $29,558.40, and all of his personal property except the said sum of $858. The appraised value of the entire property, both real and personal, totaled the sum of $41,105.96. The property was appraised by inheritance tax appraisers duly appointed by the court.

. The petition of the administrator for an order determining the inheritance tax, after making numerous deductions on

---

[1] *In re Bullen's Estate,* 47 Utah, 96, 151 Pac. 533, L. R. A. 1916C, 670; *In re Osgood's Estate,* 52 Utah, 185, 173 Pac. 152, L. R. A. 1918E, 697.

account of debts, etc., represented that the property subject
to the tax was only the sum of $9,065.67; the tax thereon at
3 per cent. being the sum of $271.97. The prayer of the peti-
tion was that said sum be fixed and determined as the amount
of the inheritance tax. The Attorney General, on behalf of
the state, filed objections to certain deductions made by the
administrator. A hearing was had thereon and findings made
by the court sustaining the prayer of the petitioner and
against the contention of the state. Judgment was entered
accordingly, from which judgment the state appeals.

In making his deductions for the purpose of determining
the value subject to the inheritance tax, the administrator
subtracted from the entire value of the property the sum of
$9,852.80 as and for the widow's one-third of the value of
the real estate. To this deduction the state objected, and the
validity of its objection presents the only question to be
determined.

As appears from the foregoing statement, the deceased
prior to his death, conveyed by deed all of his real estate to
his wife and other members of his family, so that at the time
of his death he owned no real estate whatever. The concrete
question to be determined is, Was the administrator, in the
circumstances, authorized by law to deduct from the value
of the property one-third of the value of the real estate as
and for the widow's third allowed her under Comp. Laws
Utah 1917, § 6406? And, especially, it may be asked, Was
the administrator authorized to make such deduction, where
the widow herself was making no claim on her own account
under the statute referred to, and where there is nothing, in
the record to indicate that she did not join in the conveyances
or that they were made without her consent?

The statute to which reference has been made (section
6406), as far as material here, reads as follows:

"One-third in value of all the legal or equitable estates in real
property possessed by the husband at any time during the marriage,
and to which the wife had made no relinquishment of her rights,
shall be set apart as her property in fee simple if she survive him."

It is expressly stated in the petition of the administrator
that the deeds made by the deceased prior to his death were

in the nature of a final distribution of his estate, and no doubt it was so intended and so understood, not only by the deceased, but by his wife and other members of the family. In the absence of evidence to the contrary, it must be presumed that the conveyances were made with the consent of his wife, and that she therefore relinquished her right to such portions of the property as were not conveyed to herself.

In the *Bullen Estate Case*, 47 Utah, 96, 151 Pac. 533, L. R. A. 1916C, 670, it was held by this court that the wife's interest under the above statute was not subject to an inheritan·e tax, but in that case the husband died leaving real estate to which the wife had not relinquished her right.

In the *Osgood Estate Case*, 52 Utah, 185, 173 Pac. 152, L. R. A. 1918E, 697, which was a case in which the widow took under a will, it was held that her portion was subject to the inheritance tax, and further that a person claiming ι n exemption from the tax was charged with the burden of proving the facts entitling him to exemption. No such facts were attempted to be shown in the instant case.

Under the inheritance tax law, conveyance by deed stands upon the same footing as conveyance by will. Comp. Laws Utah 1917, § 3185, as amended in Sess. Laws 1919, c. 64, provides:

"All property within the jurisdiction of this state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state, *or by deed*, grant, bargain, sale or gift, *made in contemplation of the death of the grantor*, vendor or donor, or intended to take effect in possession or enjoyment at or after the death of the grantor, vendor, or donor, to any person in trust or otherwise, and, for the purposes of this act, any transfer of a material part of any such property in the nature of a final disposition or distribution thereof made by the decedent within three years prior to his death, except in case of a bona fide sale for a fair consideration in money or money's worth, unless shown to the contrary, shall be deemed to have been made in contemplation of death, shall be subject to the following tax, after the payment of all debts, for the use of the state; three per cent. of its market value in excess of $10,000.00, and not exceeding $25,-000.00, and 5 per cent. of its market value in excess of $25,000.00;

and all administrators, executors, and trustees, and any such gran-
tee under conveyance, and such donee under a gift made during
the grantor's or donor's life shall be respectively, liable for all
such taxes to be paid by them respectively, except as herein other-
wise provided, with lawful interest as hereinafter set forth, until
the same shall have been paid. The tax aforesaid shall be and
remain a lien on such estate from the death of the decedent until
paid. In determining the amount of tax to be paid under the pro-
visions of this section, the debts of the estate shall first be deducted,
and the remainder shall be the net estate. Upon all that portion
of the net estate in excess of $25,000.00 the tax of 5 per cent. shall
be computed. Upon all that portion of the net estate in excess of
$10,000.00 and not exceeding $25,000.00 the tax of 3 per cent. shall
be computed; and the court shall determine the amount of tax to
be paid by the several devisees, legatees, grantees, or donees of the
decedent." (Italics supplied.)

We have not been favored with a brief by respondent, nor
does the record disclose the reasons which prompted the de-
cision of the trial court. The language of the inheritance
tax law quoted above, as far as concerns the proposition in-
volved in the case at bar, is plain and unambiguous. Among
other things, it expressly covers property passing by deed
made in contemplation of death. The facts expressly ad-
mitted in the instant case bring it clearly within the provi-
sions of the statute as interpreted by the decision of the court
to which reference has been made.

It is manifest that the trial court erred in entering judg-
ment for respondent as to the item of which appellant com-
plains.

The cause is therefore remanded to the trial court, with
directions to modify the judgment in accordance with the
views herein expressed. Costs to be taxed against the estate.

WEBER, C. J., and GIDEON, CHERRY, and FRICK,
JJ., concur.