347 P.2d 857

Matter of the ESTATE of Alexis B. MALAN, Deceased.

Utah State Tax Commission, Appellant.

No. 9076.

Supreme Court of Utah.

Dec. 30, 1959.

conveyances recorded after his father's death. The widow claimed that the value of her dower interest in the real property of her deceased husband should not be included in his estate for inheritance tax purposes.

---

Walter L. Budge, Atty. Gen., David E. West, Asst. Atty. Gen., for appellant.

David K. Holther, Ogden, for respondent.

WADE, Justice.

The Utah State Tax Commission is appealing from a determination by the Second Judicial District Court of the inheritance taxes due from the Estate of Alexis B. Malan which excluded the value of the widow's dower interest in property conveyed to her by her husband approximately a year prior to his death. The deeds were delivered to the grantor's son who had the

It is the Tax Commission's contention that even though this court held in the case of in re Bullen's Estate [1] that the widow does not take her one-third statutory dower interest as an heir of her husband but takes in her own right, nevertheless if the husband conveys to her under conditions in which under the provisions of Sec. 59–12–4, U.C.A.1953 [2] the presumption arises that they were made in contemplation of death, the entire estate is subject to inheritance taxes under the provisions of Sec. 59–12–3, U.C.A.1953. [3] In support of this contention the Tax Commission cites the cases of In re Osgood's Estate; In re Kohn's Estate and In re Kjar's Estate. [4]

---

1. In re Bullen's Estate, 47 Utah 96, 151 P. 533, L.R.A.1916C, 670.
2. Sec. 59–12–4 provides: "Any transfer of a material part of any such property in the nature of a final disposition or distribution thereof made by a decedent within three years prior to his death, except a bona fide sale for a fair consideration in money or money's worth, shall be presumed to have been made in contemplation of death, for the purposes of this chapter."
3. Sec. 59–12–3 provides: "The value of the gross estate of a decedent shall be determined by including the value at the time of his death, or as of a time nine months after his death whichever the executor within ten months after such death elects by filing an election with

the clerk of the district court and the tax commission, of all property, real or personal, within the jurisdiction of this state, and any interest therein, whether tangible or intangible, which shall pass to any person, in trust or otherwise, by testamentary disposition or by law of inheritance or succession of this or any other state or country, or by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after his death."
4. In re Osgood's Estate, 52 Utah 185, 173 P. 152, L.R.A.1918E, 697; In re Kohn's Estate, 56 Utah 17, 189 P. 409 and In re Kjar's Estate, 62 Utah 427, 220 P. 501.

In the Osgood and Kohn cases this court held the entire estates includable for inheritance tax purposes because under the facts and circumstances of each of those cases an election had been exercised to take under provisions of a will in which it did not appear that the testator intended that the widow take the devise in addition to her distributive share, and therefore under the provisions of what is now Sec. 74–4–4, U.C.A.1953 [5] she was deemed to have renounced her distributive share and to have taken the properties under the provisions of the will in lieu of her distributive share. Our attention has not been called to any statute which provides that a conveyance by a husband to a wife of his real property shall be deemed a relinquishment of her one-third inchoate interest in the property. Rather, this court has held in Cardon v. Harper [6] that where a husband conveyed his property to his wife under conditions which made it a fraud upon creditors, the court's order vesting the entire property so conveyed in the trustee in bankruptcy was error because the trustee could acquire no greater rights in the property "than the husband acting without the written concurrence of the wife could convey" and this excluded her $\frac{1}{3}$ inchoate interest. In other words, a mere conveyance by a husband to a wife in the absence of a relinquishment by the wife of her one-third inchoate interest does not extinguish such wife's statutory dower interest in the property. The case of In re Kjar's Estate does not hold otherwise. It merely holds that where a husband has conveyed all his real property in contemplation of death to his wife and children and where an administrator and not the widow is claiming that there has been no relinquishment or consent to the conveyances, then in the absence of evidence to the contrary it would "be presumed that the conveyances were made with the consent of his wife, and that she there-

5. Sec. 74–4–4, U.C.A. provides: "If the husband shall make any provision by will for the widow, such provision shall be deemed to be in lieu of the distributive share secured by the next preceding section, unless it shall appear from the will that the decedent designed the testamentary provision to be additional to such distributive share, in which case the widow shall be presumed to have accepted both such testamentary provisions and such distributive share. If, however, it does not appear from the will that its provision for the widow is additional, then the widow shall be conclusively presumed to have renounced such provision and to have accepted her distributive share, unless within four months after the admission of the will to probate, or within such additional time before distribution as the court may allow, she shall, by written instrument filed with the clerk of the court, accept the testamentary provision, which acceptance shall be construed to be a renunciation of her distributive share. In the event that the wife shall be insane or incompetent, or absent from the state, an election shall be made for her by a general guardian, if she has one, or by a special guardian for the purpose appointed by the court."

6. Cardon v. Harper, 106 Utah 560, 151 P. 2d 99, 104, 154 A.L.R. 906.

fore relinquished her right to such portions of the property as were not conveyed to herself." [62 Utah 427, 220 P. 502.]

Even if under our inheritance tax statutes a conveyance by deed stands upon the same footing as a conveyance by will where made under circumstances which would make it includable under the provisions of Sec. 59–12–3, U.C.A.1953, there must still be a relinquishment by the wife of her one-third inchoate interest, just as it is required in a conveyance made in a will, before the value of such interest becomes includable in her husband's estate for inheritance tax purposes. In the absence of a statute such as Sec. 74–4–4, U.C.A.1953, which in cases of testamentary conveyances makes it incumbent under certain conditions that a choice be made to either accept the testamentary provision in lieu of her one-third inchoate interest or renounce the testamentary provision and retain her one-third interest, there appears no logical reason why a wife in an inter vivos transaction should not be able to accept a conveyance by deed of her husband's share of his real property without relinquishing her one-third inchoate interest. In the instant case it is clear that the widow did not relinquish her interest and therefore the court did not err in excluding its value from the decedent's estate for inheritance tax purposes.

Affirmed.

CROCKETT, C. J., and McDONOUGH, HENRIOD, and CALLISTER, JJ., concur.