426 P.2d 6

**In the Matter of the ESTATE of William PAXMAN, Deceased,**

**v.**

**STATE TAX COMMISSION, Appellant.**

**No. 10565.**

Supreme Court of Utah.

March 29, 1967.

---

3. State v. Montayne, 18 Utah 2d 38, 414 P.2d 958.

Phil L. Hansen, Atty. Gen., M. Reed Hunter, Asst. Atty. Gen., Salt Lake City, for appellant.

Will L. Hoyt, Nephi, for respondent.

CALLISTER, Justice.

The court below entered an order approving an inheritance tax return and fixing the amount thereof. The State Tax Commission appeals from that part of the order interpreting the will of the decedent in ascertaining the amount of the estate subject to the state inheritance tax. The executrix cross-appeals from that part of the order determining the rate of tax to be imposed upon the taxable estate.

The will of the decedent was short, simple and provided:

1. I hereby give, devise and bequeath unto my beloved wife, Vivian T. Paxman, all my property and estate, both real and personal, of whatsoever nature or wheresoever situated, to have and to hold the same absolutely.

2. [Nominates wife as executrix.]

3. I hereby declare that my omission to provide herein for my children is intentional and not occasioned by any accident or mistake, and it is my desire and will that my children now living and also that any of my children which may be born hereafter shall not share in my estate.

The primary issue presented is whether the testator's legacy to his wife is in addition to, or in lieu of, her statutory distributive share.[1] The lower court held that it was in addition to the statutory distributive share.

It is contended by the Tax Commission that the widow in the instant case must either elect to take under the provisions of the will, in which case her entire interest is subject to the estate tax, or accept only her statutory distributive share, because the decedent did not specifically and unambiguously designate in his will that the provisions for his wife were in addition to her distributive share.

Section 74-4-4, U.C.A.1953, provides:

If the husband shall make any provision by will for the widow, such provision shall be deemed to be in lieu of the distributive share * * * *unless it shall appear from the will that the decedent designed the testamentary provisions to be additional to such distributive share, in which case the widow shall be presumed to have accepted both such testamentary provisions and such distributive share.* If, however, it does not appear from the will that its provision for the widow is additional, then the widow shall be conclusively presumed to have renounced such provision and to have accepted her distributive share, unless within four months after the admission of the will to probate * * * she shall, by written instrument * * *, accept the testamentary provision, which acceptance shall be construed to be a renunciation of her distributive share. * * * (Emphasis added.)

Pursuant to the foregoing statute, the widow timely filed a document in which she accepted the provisions of the will, without relinquishing her distributive share, and declaring that the testator intended to bequeath all of his estate without depriving her of her statutory right to one-third of his real estate interests.

According to the Tax Commission, 74-4-4, U.C.A.1953, quoted above, creates a presumption that any will provision in favor of a widow is in lieu of her distributive share and that such presumption can only be re-

1. 74-4-3, U.C.A.1953, provides in substance that a wife has a one-third interest in the real property owned or possessed by her husband during their marriage. This interest is not subject to an estate tax. In re Bullen's Estate, 47 Utah 96, 151 P. 533 (1915). 74-1-1, U.C.A.1953, provides that a married man shall not devise away from his wife more than two-thirds in value of his legal or equitable estates in real property without her consent in writing.

butted or overcome by a clear and unambiguous statement in the will that the widow's legacy is in addition to her distributive share. On the other hand, the executrix argues that the statute does not require such a specific declaration by the husband-testator and that the intention of the latter, revealed by the provisions of the will, is controlling and may overcome any such statutory presumption.

The lower court resolved this issue in favor of the executrix, and correctly held that the widow had the right to claim one-third of her husband's real property without renouncing the will and that her one-third interest was not subject to the inheritance tax.

The will specifically devised *all* of the testator's property to his wife with a declaration that his omission to provide for his children was intentional. This is not a situation where a testator has attempted to dispose of the widow's distributive share by devising her interests to another beneficiary to which the widow must consent by her election to take under the will. If a testator makes no attempt to dispose of his wife's distributive share by devising it to another, he has, in effect, acknowledged her statutory rights and has simply devised his remaining two-thirds interest.

Any prior administrative interpretation of 74–4–4 by the Tax Commission is of little value. This statute, although it may have tax consequences, was designed to protect widows and is not a subject peculiarly within the knowledge of the Commission.

The executrix in her cross-appeal has contended that in the application of the rates provided in Section 59–12–2, U.C.A.1953, the Legislature intended a three per cent rate on the first taxable bracket above the exemption for spouses and children.

The following are the relevant provisions of Section 59–12–2, U.C.A.1953:

A tax equal to the sum of the following percentages of the market value of the net estate shall be imposed upon the transfer of the net estate of every decedent, whether a resident or non-resident of this state:

Three per cent of the amount by which the net estate exceeds $10,000 and not to exceed $25,000, except where property not exceeding in value the sum of $40,000 goes to the husband, wife and/or children of the deceased or any or all of them by descent, devise, bequest or transfer directly or through a trustee, then in such case the exemptions shall be the amount so going not to exceed $40,000;

Five per cent of the amount by which the net estate exceeds $25,000 and does not exceed $75,000 except where property not exceeding in value the sum of $40,-000 goes to the husband, wife and/or children of the deceased or any or all of them by descent, devise, bequest or transfer

directly or through a trustee, then in such case the exemption shall be the amount so going not to exceed $40,000, but on the excess of $40,000 the rate shall be as herein provided;

The executrix premises her argument on the meaning of the words in the third paragraph, "but on the excess of $40,000 the rate shall be as herein provided." Her interpretation is that the phrase "as herein provided" refers to "as in this section provided" rather than "as in this paragraph provided" which the Tax Commission advocates. She submits that the reasonable view is that the Legislature intended that the rate of tax on the portion of the estate passing to a husband, wife or children should be according to the same graduated brackets set up in the statute, namely, three per cent on the first $25,000 above the exemption, then five per cent on the amount in excess of $25,000 above the exemption up to $75,000.

The executrix has not recognized the distinction between an exemption and a deduction. A deduction is subtracted from the gross estate to determine the net estate.

An exemption does not alter the value of the net estate, the taxpayer is simply freed from the charge within certain stipulated limits. In Section 59–12–7, U.C.A.1953, the Legislature has specified the deductions from the gross estate, and has then stated "the remainder shall be the net estate."

Section 59–12–2, U.C.A.1953, establishes a system of graduated rates which are applied to the value of the *net* estate. If the executrix's contention were accepted by this court, it would convert the specified exemptions into deductions, and the amount of the *net* estate would, in effect, be altered. Her system would require the subtraction of the exemptions from the net estate, and the application of the statutory rates to this subsequently derived net estate value. This interpretation would be in direct contradiction to the statutory scheme, where the net estate, after is computation in accordance with Section 59–12–7, remains a constant value.[2]

Affirmed. No costs awarded.

CROCKETT, C. J., and TUCKETT, HENRIOD, and ELLETT, JJ., concur.

---

2. In re Hone's Estate, 52 Utah 92, 166 P. 990 (1917); In re Walton's Estate, 115 Utah 160, 203 P.2d 393 (1949).