455 P.2d 628

In the Matter of the ESTATE of George A. CASTLES, Deceased.

Utah State Tax Commission, Appellant.

No. 11396.

Supreme Court of Utah.

April 14, 1969.

Vernon B. Romney, Atty. Gen., G. Blaine Davis, Asst. Atty. Gen., Salt Lake City, for appellant.

James W. Beless, of Brayton, Lowe & Hurley, Salt Lake City, for Estate of George A. Castles, deceased.

HENRIOD, Justice:

Appeal from the lower court's order determining the inheritance tax in the probate of decedent Castles' estate. Affirmed. No costs awarded.

There is no decree of distribution in the record on appeal. The only documents here have to do with the tax.

The sole question put on appeal is whether a wife's statutory distributive share under Title 74–4–3, Utah Code Annotated 1953, is taxable.

Castles' will gave his wife one-half and each of two children one-fourth of his estate, inventoried at $71,000, $56,000 of which was real property, to which one-third, or $18,667, Mrs. Castles was entitled as a matter of right under 74–4–3.

The question posed above has been a bone of contention in this court for half a century, starting with In re Bullen's Estate,[1] which held that such statutory right of a wife was invulnerable to an inheritance tax, her right being inchoate and absolute.

In re Bullen in point of time was followed by In re Osgood's Estate,[2] and In re Kohn's Estate,[3] which cases appellant urges reversed In re Bullen. Nonetheless, and without arguing the merits of those cases, in a recent unanimous opinion of this court— In re Estate of Paxman [4]—this court, citing

1. 47 Utah 96, 151 P. 533, L.R.A.1916C, 670 (1915).
2. 52 Utah 185, 173 P. 152, L.R.A.1918E, 697 (1918).
3. 56 Utah 17, 189 P. 409 (1920).
4. 19 Utah 2d 56, 426 P.2d 6 (1967).

In re Bullen, restated that the wife's statutory interest was not taxable, and that is the law of this state presently.

The main thrust of appellant's contention is that the Paxman case should be reversed. We are not constrained to follow such urgence.

Having thus concluded, we consider the other points on appeal need no further treatment.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

ELLETT, Justice (concurring in the result).

I concur in the result but desire to give my reasons therefor. Certain sections of the Utah Code Annotated 1953 have a bearing on our decision. They are so far as material, set out below:

74-4-3. * * * One-third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, to which the wife has made no relinquishment of her rights, shall be set apart as her property in fee simple, if she survives him; * * *.

74-4-4. * * * If the husband shall make any provision by will for the widow, such provision shall be deemed to be in lieu of the distributive share secured by the next preceding section, unless it shall appear from the will that the decedent designed the testamentary provisions to be additional to such distributive share, in which case the widow shall be presumed to have accepted both such testamentary provisions and such distributive share. If, however, it does not appear from the will that its provision for the widow is additional, then the widow shall be conclusively presumed to have renounced such provision and to have accepted her distributive share, unless within four months after the admission of the will to probate, or within such additional time before distribution as the court may allow, she shall, by written instrument filed with the clerk of the court, accept the testamentary provision, which acceptance shall be construed to be a renunciation of her distributive share. * * *

In this case the widow filed a document with the clerk of the court in the following words:

The undersigned surviving wife of George A. Castles, deceased, hereby accepts the provisions of the will of said deceased, but without relinquishment of her right as surviving wife to one-third of all real estate left by said deceased, under the provisions of Section 74-4-3, Utah Code Annotated, 1953.

If the will showed on its face that the testamentary provision for the widow was in addition to the statutory one-third interest in the real estate, then the widow

did not need to make an election, and her one-third interest would be exempt from the inheritance tax. However, if the testamentary provision did not appear from the will to be in addition to her statutory interest, then she is conclusively presumed to have renounced her interest under the will and to have accepted her statutory one-third interest in the real estate unless she filed an election to take under the will (which election shall be construed to be a renunciation of her statutory distributive share). The will of the decedent contains the following:

II. Thereafter I devise and bequeath the residue of my estate as follows:

One-half thereof to my wife Penelope G. Castle [sic], if she survive me;

The other one-half, and the whole thereof if my said wife does not survive me, in equal undivided shares to our three children, an undivided one-third of same to each, they being: [naming them] * * *.

It seems obvious to me that the provisions for the wife in the will were not designed as an addition to the statutory interest which she had in the realty. If the testator intended his wife to have one-half of his entire estate plus one-third of his realty, he could hardly have expected his children to be able to get one-half of his estate also.

The purported election of the widow attempted to take under the will and at the same time to retain her statutory distributive share. She thus did not comply with the statute by electing to take under the will, which election under the statute must be construed to be a renunciation of her distributive share and, therefore, by failing to so elect she is conclusively presumed to have renounced the will.

I, therefore, agree that the trial court was correct in eliminating one-third of the realty from the basis of the taxable estate.

Regarding the cases cited in the main opinion, I would like to say a few words about each of them.

In Bullen's Estate, 47 Utah 96, 151 P. 533 (1915), the decedent died intestate, and the only question was whether the statutory interest of the wife was taxable. The court held that it was not.

In Osgood's Estate, 52 Utah 185, 173 P. 152 (1918), the will by its terms provided that the provision was in lieu of the one-third statutory interest of the widow.

In Kohn's Estate, 56 Utah 17, 189 P. 409 (1920), the will left five dollars to each of the five children and the remainder of the estate to the testator's wife, who was named as executrix of the will. This court held that the presumption of the statute that the provision in the will for the widow was in lieu of the statutory interest must prevail,

and reversed the trial court and held that the inheritance tax applied to the decedent's property with no reduction because of the widow's statutory interest in the land.

In Paxman's Estate, 19 Utah 2d 56, 426 P. 2d 6 (1967), the will specifically devised all of the testator's property to his wife, and this court held that the provision of the will was in addition to and not in lieu of the widow's statutory interest in realty. There, as here, the widow attempted to accept the provisions in the will by specifically reserving her statutory rights. In my opinion that sort of acceptance fails to comply with the statute, and we there properly held that one-third of the real estate was not subject to the tax. We were not called upon to determine the rights as between the widow and the testator's children.

If the Paxman case is to be considered authority for the proposition that when a testator wills all of his estate to his widow the will indicates that such a provision is in addition to the statutory interest of the widow, then I think Paxman should be overruled.

If a testator has three acres of ground and wills all three acres to his widow, then it seems to me that such a provision must be considered to be in lieu of the statutory interest of the widow. If it were otherwise, the testator would only have two acres to dispose of by will; and when he said he gave three acres to his wife, it would have to be interpreted as meaning that he gave her only two, since she already had one.

What is said above regarding the Utah cases is to be considered a caveat as to what the law of Utah should be.